In re Cheryl J. HARRIS, Debtor.

WOLOSHIN, TENENBAUM AND
NATALIE, P.A., Plaintiff,

v.

Cheryl J. HARRIS, Defendant.

Bankruptcy No. 96–900–PJW.
Adversary No. 96–154.

United States Bankruptcy Court,
D. Delaware.

Dec. 9, 1996.

David C. Gagne, Woloshin, Tenenbaum & Natalie, Wilmington, DE, for Plaintiff.

John C. Landis, Landis & Associates, Newark, DE, for Defendant.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This is the Court's ruling on Debtor's motion to dismiss Woloshin, Tenenbaum & Natalie's ("WTN") Complaint to Determine Dischargeability of Debt for failure to state a claim upon which relief can be granted. WTN, a law firm, brought this adversary proceeding against Debtor, seeking a determination that its claim against Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(15).[1] For the reasons set forth below, Debtor's motion will be granted and the Complaint will be dismissed.

## FACTS AND THE APPLICABLE LAW

In its review of a motion to dismiss for failure to state a claim, this Court is required to accept as true the facts alleged in the complaint and all reasonable inference that can be drawn therefrom. *See D.R. by L.R. v. Middle Bucks Area Vocational Tech. School,* 972 F.2d 1364, 1367 (3d Cir.1992). Construing the complaint in favor of Plaintiff, the Court must determine "whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Colburn v. Upper Darby Township,* 838 F.2d 663, 665–66 (3d Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989).

The material facts of the case are rather simple and undisputed. On September 9, 1992, WTN entered into an agreement to represent Debtor for her divorce related domestic matters (the "divorce proceeding"), whereby Debtor agreed to be obligated for all fees and costs with a monthly service

---

1. Reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.,* are hereinafter cited as "§ ___."

charge of 1.5% on unpaid bills, plus all expenses and costs of collection, including attorney fees. Thereafter, WTN represented Debtor throughout the divorce proceeding and as a result, Debtor incurred an obligation to WTN in the amount of $13,960 plus cost of collection (the "debt").

On June 7, 1996, Debtor commenced her Chapter 7 bankruptcy case in this Court, seeking to discharge, *inter alia*, the debt. WTN objects to such a discharge and contends that the debt is nondischargeable pursuant to § 523(a)(15).

Section 523(a)(15) provides that bankruptcy discharge does not discharge a debt which is

> not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—
>
> > (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
> >
> > (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

The issue before me is whether WTN, which is not a spouse, former spouse, or child of Debtor, can seek to have the debt found nondischargeable under § 523(a)(15).

There are two reported decisions of bankruptcy courts that have squarely dealt with this issue and those two courts are in disagreement. *Compare Barstow v. Finaly (In*

re *Finaly)*, 190 B.R. 312 (Bankr.S.D.Ohio 1995) *with Zimmerman v. Soderlund (In re Soderlund)*, 197 B.R. 742 (Bankr.D.Mass. 1996). In *Finaly,* the parents of the debtor's former spouse brought an action pursuant to § 523(a)(15), seeking a debt owed to them to be found nondischargeable. The court, after examining the legislative history found in 140 Cong.Rec. H10770 (daily ed. Oct. 4, 1994) (statement of Rep. Brooks),[2] held that § 523(a)(15) applies only to debts owed to a spouse or former spouse of debtors and that only parties to the divorce or separation can maintain an action under § 523(a)(15).[3] *Id.* at 315. Consequently, since the debt sought to be found nondischargeable by the parents was a debt owed to third parties, the court found that the parents lacked standing. *See id.*

On the other hand, the court in *Soderlund* came to the opposite conclusion. The facts of *Soderlund* are identical to ones before me. There, a law firm brought an adversary proceeding against the debtor pursuant to § 523(a)(15), asserting nondischargeability of a debt owed to the firm, which was generated by the legal services rendered by the firm during the debtor's divorce and child custody proceeding. *See Soderlund,* 197 B.R. at 743.

At the outset of its opinion, the *Soderlund* court rejected the *Finaly* court's view that "only parties to the divorce may maintain actions under § 523(a)(15)" and declined to construe the statute in light of the legislative history. *See id.* at 747–48. The court reasoned that

> [t]he result called for by the cited legislative history is not mandated by the language of the statute as enacted. The two "unless" clauses [of § 523(a)(15) ] are stated in the disjunctive. While (B) can be applied only by applying a cost-benefit analysis to the former spouses and their present obligations' to self and others, (A) can be invoked without that inquiry.

*Finaly,* 190 B.R. at 315 (citing *Brown v. Felsen,* 442 U.S. 127, 128, 99 S.Ct. 2205, 2207, 60 L.Ed.2d 767 (1979)).

---

**2.** *See infra* p. 561 for the statements of Congressman Brooks.

**3.** The court also observed the proposition that exceptions to discharge are interpreted narrowly.

*Id.* at 747.[4]

Since the court concluded that the legislative history relied upon by the court in *Finaly* was not controlling and found the language of § 523(a)(15) to be plain, the court's "sole function [was] to enforce [the statute] according to its terms." *See Soderlund,* 197 B.R. at 747 (citing *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989)). Consequently, pursuant to the literal application of § 523(a)(15)(A), the court entertained the law firm's nondischargeability complaint. *Id.* at 748. In doing so, the court has enunciated a rather broad rule that would allow any party to maintain an action under § 523(a)(15)(A) to challenge dischargeability of a debt owed to that party so long as such a debt was incurred by the debtor in the course of her divorce or separation. For the reasons set forth below, I agree with the court's decision in *Finaly* and would limit the application of the statute to a debtor's spouse, former spouse or child.

## DISCUSSION

As a general rule of statutory construction, where "the terms of a statute [are] unambiguous, judicial inquiry is complete except in rare and exceptional circumstances." *See Demarest v. Manspeaker,* 498 U.S. 184, 190, 111 S.Ct. 599, 603, 112 L.Ed.2d 608 (1991). Such circumstances are present only

in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." In such cases, the intention of the drafters, rather than the strict language, controls.

*Ron Pair Enterprises, Inc.,* 489 U.S. at 242, 109 S.Ct. at 1030 (alteration original) (citation omitted). *See also Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.),* 989 F.2d 682, 687 (3d Cir.1993). In the present case, based on my examination of legislative history of § 523(a)(15), I find that this is one of those rare cases where legislative intent should

control, rather than simply accepting the literal meaning of the statute.

Section 523(a)(15) has its genesis in House Bill 4711, the Spousal Equity in Bankruptcy Amendments of 1994, a bill sponsored by Congresswoman Louise M. Slaughter and introduced to Congress on June 30, 1994. *See* 140 Cong.Rec. H10773 (daily ed. Oct. 4, 1994) (statement of Rep. Slaughter). *See also* H.R. 4711, 103d Cong., 2d Sess. (1994). The primary purpose behind her sponsoring H.R. 4711 was to remedy a variety of inequities Congresswoman Slaughter perceived in the treatment of support and property settlement obligees, primarily women and children, under the then existing bankruptcy law. *See* Henry J. Sommer, Margaret Dee McGarity, Lawrence P. King, *Collier Family Law and the Bankruptcy Code* ¶ 6.07A[1] (1996); *see also Written Testimony of Congresswoman Slaughter,* Cong. Testimony, July 27, 1994, *available in* CONGTMY, 7/27/94.

Under H.R. 4711, Congresswoman Slaughter proposed that a debt should be nondischargeable if such a debt was

assumed or incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, unless

(A) excepting such debt from discharge under this paragraph would impose an *undue hardship* for the debtor; *and*

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

H.R. 4711 (emphasis added). As the court in *Soderlund* correctly noted, it is clear from the language of H.R. 4711 that the scope of this bill was limited to debts owed to the debtor's spouse, former spouse, or child since the two "unless" clauses were stated in the conjunctive. *Soderlund,* 197 B.R. at 747.

---

4. *See infra* pp. 561–62 for more discussion on the *Soderlund* court's analysis of legislative history.

Apparently, H.R. 4711 was "criticized on several grounds." *See* Sommer, McGarity, King, *supra,* ¶ 6.07A[1]. When Congresswoman Slaughter's bill was incorporated into House Bill 5116 (namely, the Bankruptcy Reform Act of 1994) and reintroduced by Congressman Brooks on October 4, 1994, three changes had been made in the proposed § 523(a)(15): (1) the word "assumed" was deleted; (2) the "undue hardship" test was replaced by "ability to pay" test; and (3) the word "and" was replaced by the word "or." *Compare* Bankruptcy Reform Act of 1994 § 304(e), 11 U.S.C. § 523(a)(15) (Supp. 1995) with H.R. 4711.

Despite these changes, as the congressional debate held on October 4, 1994 shows, the intended scope of H.R. 4711 remained unchanged. According to Congressman Brooks' section-by-section description of the Bankruptcy Reform Act of 1994, § 523(a)(15) applies to

> debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation. If the debtor agrees to pay marital debts that were owed to third parties, those third parties do not have standing to assert this exception, since the obligations to them were incurred prior to the divorce or separation agreement. It is only the obligation owed to the spouse or former spouse—an obligation to hold the spouse or former spouse harmless—which is within the scope of this section.

140 Cong.Rec. H10770 (daily ed. Oct. 4, 1994) (statement of Rep. Brooks); H.R.Rep. No. 835, 103rd Cong., 2d Sess. 55 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3364 (hereinaf-

ter, this quoted paragraph will be referred to as the "description of § 523(a)(15)").[5]

In light of this description of § 523(a)(15), I find that the intended scope of § 523(a)(15) is limited to the debts owed to the debtor's spouse or former spouse. Consequently, I conclude that "the literal application of [§ 523(a)(15) ] will produce a result demonstrably at odds with the intentions of its drafters" and that the literal statutory language of § 523(a)(15)(A) need not be followed. *See Ron Pair Enterprises, Inc.,* 489 U.S. at 242, 109 S.Ct. at 1030; *Channel Home Ctrs., Inc.,* 989 F.2d at 687. Therefore, I agree with the court in *Finaly* that only the debtor's spouse or former spouse can maintain an action under § 523(a)(15). *See Finaly,* 190 B.R. at 315.

As noted previously, the court in *Soderlund* came to the opposite conclusion. The court's justification was that the relevant legislative history relied on by the court in *Finaly* (i.e., the description of § 523(a)(15)) is not controlling. According to the *Soderlund* court, the description of § 523(a)(15) was prepared prior to the modification and incorporation of H.R. 4711 into the Bankruptcy Reform Act of 1994. The court stated:

> [It] was written at a time when the (A) and (B) clauses were in the conjunctive in the proposed legislation, as is evident from a sentence appearing in the committee report one paragraph above that [description of § 523(a)(15) ]:
>
> > "This subsection will make such obligations nondischargeable in cases where the debtor has the ability to pay them *and* the detriment to the nondebtor spouse from their nonpayment out-

---

5. *Cf.* 140 Cong.Rec. H10773 (daily ed. Oct. 4, 1994) (statement of Rep. Slaughter), which provides:

> H.R. 5116 gives added protection to child support and alimony payments in the event of a bankruptcy filing. . . .
>
> H.R. 5116 also closes a loophole which can be devastating for single-parent families. During a divorce agreement, it is not uncommon for the custodial parent to accept a lower level of child support in exchange for the other parent assuming the couple's marital debts. If the non-custodial parent declares bankruptcy, however, the marital debts fall than [sic] to the single parent. Think of what the custodial

parent then faces: little or no child support payments, the heavy responsibilities of all the marital debts, and the expenses that come with rearing children alone.

> The Bankruptcy Reform Act would obligate the non-custodial spouse, who agreed to pay the couple's marital debts, to continue responsibility for these debts.

An almost identical statement can also be found in *Written Testimony of Congresswoman Slaughter,* Cong. Testimony, July 27, 1994, *available in* CONGTMY, 7/27/94, in which Congresswoman Slaughter articulated the purpose and scope of H.R. 4711.

weighs the benefit to the debtor of discharging such debts."

*Soderlund,* 197 B.R. at 747 (emphasis in original) (quoting H.R.Rep. No. 835, 103rd Cong., 2d Sess. 55 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3363). I respectfully disagree.

My examination of the committee report leads me to conclude that the description of § 523(a)(15) was written when the (A) and (B) clauses were in the disjunctive. Although the above. quoted legislative statement may indicate that the committee report was prepared for H.R. 4711 (since it contains the word "and"), a continued reading of the report confirms that it was prepared for the amended version of § 523(a)(15). Immediately following the legislative statement quoted by the *Soderlund* court, the report goes on to clarify what it meant by that statement:

> *In other words,* the debt will remain dischargeable *if* paying the debt would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents.... *The debt will also be discharged if* the benefit to the debtor of discharging it outweighs the harm to the obligee.

*See* H.R.Rep. No. 835, 103rd Cong., 2d Sess. 55 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3363 (emphasis added); 140 Cong.Rec. H10770 (daily ed. Oct. 4, 1994) (statement of Rep. Brooks). Obviously, this means that the two clauses are in the disjunctive.

In that context the report goes on to explain the intended scope of § 523(a)(15):

> The exception applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation. If the debtor agrees to pay marital debts that were owed to third parties, those third parties do not have standing to assert this exception, since the obligations to them were incurred prior to the divorce or separation agreement. It is only the obligation owed to the spouse or former spouse—an obligation to hold the spouse or former spouse harmless—which is within the scope of this section.

*See* H.R.Rep. No. 835, 103rd Cong., 2d Sess. 55 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3364; 140 Cong.Rec. H10770 (daily ed. Oct. 4, 1994) (statement of Rep. Brooks). Therefore, my reading of the committee report evinces that the description of § 523(a)(15) was prepared after H.R. 4711 was modified and incorporated into H.R. 5116 (now enacted as § 523(a)(15)) and that it is controlling in the instant case.

## CONCLUSION

For the foregoing reasons, I find that Plaintiff, which is not a spouse, former spouse or child of debtor, does not have standing under § 523(a)(15) to challenge dischargeability of the debt owed to it. Consequently, the facts alleged by Plaintiff, even if true, do not state a claim for relief under § 523(a)(15) and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b)(6).

## *JUDGMENT ORDER*

For the reasons set forth in the Memorandum Opinion of today's date, Debtor's Motion For Judgment On The Pleadings (Doc. # 4) is granted and the Complaint is hereby dismissed.