In re James H. BEACH, d/b/a Beach
& Associates, Debtor.

Alex ABATE, Plaintiff,

v.

James H. BEACH, d/b/a Beach
& Associates, Defendant.

Bankruptcy No. 96 B 51557.
Adversary No. 96 A 5111.

United States Bankruptcy Court,
N.D. Illinois,
Western Division.

Jan. 9, 1997.

Craig Willette, Rockford, IL, for debtor-defendant.

Mary P. Gorman, Rockford, IL, for plaintiff.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of Debtor–Defendant, James H. Beach d/b/a Beach & Associates, for Summary Judgment; Memorandum in Support of James H. Beach's Motion for Summary Judgment; The Plaintiff's Memorandum in Opposition to James H. Beach's Motion for Summary Judgment; and James H. Beach's Reply Memorandum.

## BACKGROUND

The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on June 20, 1996. Previously, the Debtor was a defendant in a dissolution of marriage case entitled *In the Marriage of Beach*, Case No. 90 D 1681, heard in the Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois. The Debtor was represented by the Plaintiff in the dissolution proceeding. In the course of the dissolution proceeding, the Plaintiff was awarded $6,202.80 for attorney's fees, costs

and interest incurred in the course of representing the Debtor.

The Plaintiff filed a Complaint to Determine Dischargeability of a Debt. The Complaint alleges the aforementioned facts and states that the obligation incurred by the Debtor was in the course of the divorce and in connection with the divorce decree or other order of a court of record. Based on the nature of the debt, the Plaintiff seeks to have the Court find the judgment entered in state court in favor of the Plaintiff and against the Debtor in the amount of $6,202.80 nondischargeable pursuant to Section 523(a)(15).

### STANDARDS FOR SUMMARY JUDGMENT

To prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Federal Rule of Civil Procedure ("FRCP") 56, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. *See* Fed. R.Civ.P. 56. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir.1990); *Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374, 378 (7th Cir.1987) (citation omitted).

### DISCUSSION

Each new case brought under Section 523(a)(15) brings with it a host of new and intriguing issues.[1] This is such a case. Two issues come before the Court. The first issue is whether the Plaintiff, the attorney for the Debtor in his prior dissolution proceeding, has standing to bring a Section 523(a)(15) action against the Debtor, and therefore can state a claim under Section 523(a)(15). If so, the second issue is whether the Debtor has met his burden under Section 523(a)(15)(B).

\*    \*    \*    \*    \*    \*

It is best that laws should be so constructed as to leave as little as possible to the decision of those who judge. Aristotle, RHETORIC, I (circa 322 B.C.), *quoted in* THE QUOTABLE CONSERVATIVE 5 (Rod L. Evans & Irwin M. Berent 1995).

\*    \*    \*    \*    \*    \*

1. *Standing*

The Debtor argues that for the Plaintiff to have standing to raise a Section 523(a)(15) claim, he must have a financial stake in the outcome and he must be one of the persons whom Section 523(a)(15) is intended to protect. *Matter of James Wilson Associates*, 965 F.2d 160, 168 (7th Cir.1992); *Tucker v. U.S. Dept. of Commerce*, 958 F.2d 1411, 1415 (7th Cir.1992). The Debtor concedes that the Plaintiff has a financial stake in the outcome. The parties disagree, however, on whether Congress intended Section 523(a)(15) to provide a remedy for third parties, such as the Plaintiff.

Initially, this case raises the age-old statutory interpretation dilemma: Does the Court reach a decision consistent with what certain-

---

1. Section 523(a)(15) states:

    A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

    .    .    .    .    .

    (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

    (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
    (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]

    11 U.S.C. § 523(a)(15).

ly must be the intent of Congress, and thereby limit the availability of Section 523(a)(15) to former spouses;[2] or does the Court look first to the language of the statute, and finding nothing there which limits the availability of Section 523(a)(15) to former spouses, move on to the merits?

\*    \*    \*    \*    \*    \*

The language of the statute is our starting point. If a statute is plain and unambiguous on its face, the analysis ends. *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 254, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (citations omitted); *Matter of Barker,* 768 F.2d 191, 194 (7th Cir.1985).

This is the argument set forth by the Plaintiff. The Plaintiff contends that the language of Section 523(a)(15) does not limit its applicability to former spouses [or children of the debtor] but rather to obligations incurred in the course of a divorce or separation or in connection with the documents related to these legal actions. Furthermore, the Plaintiff contends that Congress knows how to limit applicability to specific parties and points to other Code sections that do limit their enforcement to former spouses. *See e.g.,* Sections 523(a)(5), 522(f)(1)(A)(i) and 547(c)(7).

■ The Plaintiff's interpretation of the statute, however, ignores another canon of statutory interpretation. In the rare case where the literal application of the Bankruptcy Code would be demonstrably at odds with the intention of the drafters, the plain meaning of the statute should not be conclusive. *See e.g., In re Handy Andy Home Improvement Centers, Inc.,* 196 B.R. 87, 94 (Bankr. N.D.Ill.1996) (citations omitted);[3] *see also Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 608, 99 S.Ct. 1905, 1911, 60 L.Ed.2d 508 (1979) (court's task is to interpret words of a statute in light of the purpose Congress sought to serve). Here, the literal application of the statute as suggested by Plaintiff, would create a result demonstrably at odds with Congressional intent.

The legislative history can be found in the floor statement of Chairman Brooks:

Subsection (e) adds a new exception to discharge for some debts arising out of a divorce decree or separation agreement that are not in the nature of alimony, maintenance or support. In some instances, divorcing spouses have agreed to make payments of marital debts, holding the other spouse harmless from those debts, in exchange for a reduction in alimony payments. In other cases, spouses have agreed to lower alimony based on a larger property settlement. If such "hold harmless" and property settlement obligations are not found to be in the nature of alimony, maintenance, or support, they are dischargeable under current law. The nondebtor spouse may be saddled with substantial debt and little or no alimony or support. This subsection will make such obligations nondischargeable in cases where the debtor has the ability to pay them and the detriment to the nondebtor spouse from their nonpayment outweighs the benefit to the debtor of discharging such debts. In other words, the debt will remain dischargeable if paying the debts would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents. The Committee believes that payment of support needs must take precedence over property settlement debts. The debt will also be discharged if the benefit to the debtor of discharging it outweighs the harm to the obligee. For example, if a nondebtor spouse would suffer little detriment from the debtor's nonpayment of an obligation required to be paid under a hold harmless agreement (perhaps because it could not be collected from the nondebtor spouse or because the nondebtor spouse could easily pay it) the obligation would be

---

2. The Court's use of the term "former spouse" includes spouses for purposes of this Memorandum Opinion.

3. In *Zimmerman v. Soderlund (In re Soderlund),* 197 B.R. 742 (Bankr.D.Mass.1996), the court concluded that the plain reading of Section 523(a)(15) permits third parties to bring an ac-

tion under Section 523(a)(15), and that it is not one of those rare instances in which the literal application would produce a result contrary to the intention of the drafters. *Id.* at 747–48. As will be shown, the Court respectfully disagrees with the *Soderlund* decision.

discharged. The benefits of the debtor's discharge should be sacrificed only if there would be substantial detriment to the non-debtor spouse that outweighs the debtor's need for a fresh start.

The new exception to discharge, like the exceptions under Bankruptcy Code section 523(a)(2), (4), and (6) must be raised in an adversary proceeding during the bankruptcy case within the time permitted by the Federal Rules of Bankruptcy Procedure. Otherwise the debt in question is discharged. The exception applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation. If the debtor agrees to pay marital debts that were owed to third parties, those third parties do not have standing to assert this exception, since the obligations to them were incurred prior to the divorce or separation agreement. It is only the obligation owed to the spouse or former spouse—an obligation to hold the spouse or former spouse harmless—which is within the scope of this section.

140 Cong.Rec.H10752, H10770 (daily ed. Oct. 4, 1994), *reprinted in Collier on Bankruptcy,* app. 4 at XLI–34–35 (15th ed. 1995).[4]

The legislative history clearly reflects Congress' intent to provide a further form of protection to former spouses. *See also Collins v. Hesson (In re Hesson),* 190 B.R. 229, 235–36 (Bankr.D.Md.1995) (discusses several articles urging the reform of Section 523(a)(5) so as to correct the injustice caused by the property and support division issues). Third parties were not contemplated.

The Plaintiff admits that the legislative history states that "[i]f the debtor agrees to pay marital debts that are owed to third parties, those third parties do not have standing to assert this exception." The Plaintiff, however, points out that this statement was made in contemplation of third party obligations that were incurred prior to the divorce or separation agreement. Here, the debt owed to the Plaintiff was not incurred prior to the divorce, but during the course of the divorce.[5]

Perhaps that statement was an oversight by the drafters, or perhaps the present scenario was not contemplated.[6] In any event, that single statement is neither persuasive nor controlling when weighed against the legislative history in its entirety. The legislative history when read as a whole clearly reveals that Section 523(a)(15) applies only to debts owed to a spouse or former spouse, and that it is directed to providing an

**4.** A statement from Representative Slaughter on the House floor lends additional support to the proposition that Section 523(a)(15) was directed to former spouses, not third parties.

> H.R. 5116 also closes a loophole which can be devastating for single-parent families. During a divorce agreement, it is not uncommon for the custodial parent to accept a lower level of child support in exchange for the other parent assuming the couple's marital debts. If the non-custodial parent declares bankruptcy, however, the marital debts then fall to the single parent. Think of what the custodial parent then faces; little or no child support payments, the heavy responsibilities of all the marital debts, and the expenses that come with rearing children alone.
>
> The Bankruptcy Reform Act would obligate the non-custodial spouse, who agreed to pay the couple's marital debts, to continue responsibility for these debts. I think it is outrageous that wives and dependent children must answer to creditors for debts the husbands first agreed to pay. This relatively small—but vital—change in the Bankruptcy Code would prevent this situation, and ensure a more equi-

table treatment of all parties in the event of a bankruptcy.
140 Cong.Rec.H10773 (daily ed. October 4, 1994) (statement of Rep. Slaughter), *reprinted in Collier on Bankruptcy,* app. 4 at XLI–50 (15th ed. 1995).

**5.** Section 508 of the Illinois Marriage and Dissolution of Marriage Act contains a specific provision for the award of attorney's fees to a party's own attorney. *See* 750 ILCS 5/508.

**6.** This is a further example, along with several others found in the published cases, illustrating that Section 523(a)(15) was not well thought through by its drafters. *See e.g., In re Smither,* 194 B.R. 102, 106 (Bankr.W.D.Ky.1996) (interpreting language of Section 523(a)(15) is similar to a paving stone on the road to the region of Hades reserved for litigation nightmares); *Gantz v. Gantz (In re Gantz),* 192 B.R. 932, 936 (Bankr. N.D.Ill.1996) (citation omitted) (Section 523(a)(15) needs legislative remediation); *Kessler v. Butler (In re Butler),* 186 B.R. 371, 373 (Bankr. D.Vt.1995) (drafting of Section 523(a)(15) is akin to the making of sausage).

additional protection to former spouses. *See e.g., Barstow v. Finaly (In re Finaly)*, 190 B.R. 312, 315 (Bankr.S.D. Ohio 1995) (legislative history clearly limits Section 523(a)(15) to debts owed to spouse or former spouse).

■ Here, the Court is compelled to respect Congress' intent. To do otherwise would be to open the door to egregious outcomes involving debts·owed by the debtor for legal services performed by the debtor's divorce attorney (and perhaps to other entities awarded fees in a dissolution proceeding). In short, it would be patently contrary to Congress' intent, and philosophically wrong, to extend the relief afforded by Section 523(a)(15) to third parties.

\* \* \* \* \* \*

Nor is it necessarily inconsistent with the plain language of the statute to limit the availability to former spouses. Even if the Court did not consider the legislative history, the Court is guided by another principle of statutory construction. In interpreting the language of a statute,

> we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.... Statutory construction is a holistic endeavor and, at a minimum we must account for a statute's full text, language as well as punctuation, structure, and subject matter ... Therefore, we have a 'deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment.'

*Matter of Lifschultz Fast Freight Corp.*, 63 F.3d 621, 628 (7th Cir.1995) (citations omitted).

Thus, the plain language of Section 523(a)(15) should be construed in such a manner so as to give effect to the provision as a whole.

Section 523(a)(15) is broken down into two sections. First, Section 523(a)(15) describes the type of debt that is considered nondischargeable.[7] This paragraph ends with the word "unless." After the "unless" there are two subsections characterized by this Court as "affirmative defenses." *See e.g., Hill v. Hill (In re Hill)*, 184 B.R. 750 (Bankr. N.D.Ill.1995). As the Court noted in its opinion in *Gantz*, "the use of the word "or" [between the two affirmative defenses] indicates the debtor only needs to satisfy the burden under either (A) or (B)." *Gantz*, 192 B.R. at 935.

Interestingly, the language of Section 523(a)(15)(B) requires the debtor to prove that the benefit of the discharge outweighs the detriment to the former spouse. Nowhere does it mention a third party. A third party, if permitted to bring a Section 523(a)(15) action, always would be faced with the insurmountable obstacle of Section 523(a)(15)(B). If a third party brought a complaint under Section 523(a)(15) seeking to discharge a debt in which the former spouse has no liability, the debtor could always raise the affirmative defense set forth in Section 523(a)(15)(B). The debtor would succeed because the former spouse suffers no detrimental consequences when the debt is discharged. Under this plain reading of Section 523(a)(15) as a whole it is clear that third parties are not contemplated to fall within its protective bounds despite the absence of explicit language limiting it to former spouses.

The Court finds that the Plaintiff does not have standing to assert a cause of action under Section 523(a)(15). Although the matter is thereby decided, the Court finds it appropriate to offer its analysis of the second issue.

2. *Section 523(a)(15)(B)*

For argument's sake, assume the Plaintiff, a third party, had standing to proceed under Section 523(a)(15). As noted earlier, under Section 523(a)(15)(B), a debt will be discharged if the benefit of a discharge out-

---

7. In prior decisions, this Court has held that the language of Section 523(a)(15) requires a plaintiff to establish that the debt is not of the kind described in Section 523(a)(5), and thereafter, the debtor must demonstrate either 1) that he lacks the ability to pay the debt from income or property not needed to support himself or any dependents, or 2) that the discharge would be more beneficial to the debtor than detrimental to the former spouse. *Gantz*, 192 B.R. at 936 (citations omitted).

weighs the detriment to the former spouse. Here, the Debtor argues that discharge of this debt owed to his attorney for fees in his divorce would benefit the Debtor.[8] Similarly, the Debtor notes that the discharge would not have a detrimental effect on the former spouse because she is not liable. Therefore, the Debtor concludes that his burden would be met under Section 523(a)(15)(B) and the debt must be discharged.

The Court agrees with the Debtor. The third party as a matter of law can never prevail. There is nothing in the statute or the legislative history to suggest that a debtor is prohibited from raising both affirmative defenses. The Court simply rejects the Plaintiff's proposition that Section 523(a)(15)(B) should be ignored. The fact that the former spouse has no interest in the outcome does not eliminate the Debtor's choice of affirmative defenses.

The case relied on by the Plaintiff, *In re Soderlund,* 197 B.R. 742 (Bankr.D.Mass. 1996), skirts this specific issue. In *Soderlund,* the court came close to the issue when it noted that subparagraph (B) of Section 523(a)(15) "can be applied only by applying a cost-benefit analysis to the former spouses and their present obligations to self and others" while subparagraph (A) does not contain that restriction. *Soderlund,* 197 B.R. at 747. The court, however, did not affirmatively indicate that the debtor is precluded from raising subparagraph (B). Rather, the court merely permitted the third party creditor to go forward with its case under Section 523(a)(15). *Id.* at 748.

\* \* \* \* \* \*

The Court concludes that the Plaintiff does not have standing to pursue his claim under Section 523(a)(15). The plain language of the statute as a whole, combined with the legislative history, limits its applicability to former spouses despite the absence of specific language so indicating. Congress could not have intended the sanctity of the fresh start to yield to an otherwise dischargeable debt owed by a Chapter 7 debtor to the Chapter 7 debtor's divorce attorney. There is absolute-

**8.** The Court cannot envision a scenario where the discharge of a debt owed by a debtor would

ly no philosophical basis in bankruptcy law to add that kind of debt to the many legitimate grounds for nondischargeability in Section 523. The fact that Illinois law has provided for the award of fees to a party's own attorney in a dissolution proceeding should not intrude into bankruptcy law. Such a debt is not grounded in reprehensible conduct, nor in any identifiable Congressional policy, as are the established Section 523 exceptions.

The Motion of James H. Beach d/b/a Beach & Associates for Summary Judgment should be granted.

Attorney Willette should submit an Order accordingly.