**In re Dana K. SMITH, Debtor.**

**WOODRUFF, O'HAIR & POSNER, INC., Plaintiff,**

v.

**Dana K. SMITH, Defendant.**

Bankruptcy No. 96–93371.
Adv. No. 96–9222.

United States Bankruptcy Court,
E.D. California,
Modesto Division.

Feb. 25, 1997.

Jeffrey J. Posner of Woodruff, O'Hair & Posner, Sacramento, CA, for plaintiff.

James E. Ganzer of Ganzer & Williams, Stockton, CA, for defendant.

**MEMORANDUM DECISION**

MICHAEL S. McMANUS, Bankruptcy Judge.

### I. Facts

Debtor and defendant Dana K. Smith ("defendant") has moved to dismiss this adversary proceeding pursuant to Fed.R.Bankr.P. 7012(b) and Fed.R.Civ.P. 12(b)(6).

On August 27, 1996, defendant filed a petition under chapter 7 of the Bankruptcy Code. Plaintiff Woodruff, O'Hair & Posner, Inc., ("plaintiff") filed a timely complaint objecting to the discharge of the debt owed to it by defendant.

Plaintiff represented defendant in a marital dissolution proceeding commenced and

**614**

concluded prior to the filing of the petition. Defendant scheduled Jeff Posner, one of plaintiff's attorney-shareholders, as a creditor in the amount of $50,000.00. According to the complaint, these fees were for services rendered to defendant in connection with a state court proceeding dealing primarily with the support and custody of defendant's child.

On November 5, 1996, plaintiff filed a four-sentence complaint alleging that the unpaid fees and costs earned in representing defendant were "exceptions to discharge pursuant to 11 USC 523(a)(5) and (a)(15); 11 USC 727(a)(4)."

Defendant's motion to dismiss alleges that plaintiff has failed to state a claim upon which relief can be granted. The motion will be granted.

### II. Discussion

 Plaintiff brought this complaint objecting to the dischargeability of a debt under sections 727(a)(4), 523(a)(5) and 523(a)(15) of the Bankruptcy Code.

The court's inquiry under Rule 7012(b)(6) and Rule 12(b)(6) is directed to whether plaintiff's allegations constitute a statement of a claim. Fed.R.Civ.P. 8(a); Fed.R.Bankr.P. 7008. The facts alleged by plaintiff in the complaint, and all reasonable inferences that may be drawn from those facts, are taken as true. *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). Based upon the facts in the complaint, if the plaintiff has no right to relief as a matter of law, the motion must be granted. *Id.* at 1484.

### A. Section 727(a)(4)

Plaintiff first alleges that its claim is non-dischargeable under 11 U.S.C. § 727(a)(4). Section 727(a)(4) provides that the court shall grant the debtor a discharge unless:

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

 Section 727 provides bases for denying a debtor's discharge, not for finding specific debts non-dischargeable as plaintiff demands in the complaint. Nor does it benefit plaintiff if the court construes the complaint as an objection to discharge. Plaintiff has not alleged that defendant committed any of the acts enumerated in section 727(a)(4). Therefore, to the extent the complaint is based upon 11 U.S.C. § 727(a)(4), the motion to dismiss is granted.

### B. Section 523(a)(5)

Plaintiff also argues that the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(5). Section 523(a)(5) provides that a discharge does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise . . . ; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support;

In summary, a bankruptcy discharge does not discharge a debt to a spouse, former spouse, or child of a debtor, for alimony to, maintenance for, or support of such spouse

or child, in connection with a separation agreement, divorce decree, or other order of a court of record. 11 U.S.C. § 523(a)(5).

The debt owed to plaintiff is not a debt owed to a spouse, former spouse, or child of the defendant, for alimony to, maintenance for, or support of such spouse or child. Nor does the debt give rise to an indirect benefit to a spouse, former spouse, or child of the defendant which might be construed as support.

In the Ninth Circuit, attorney fees and other professional fees incurred in domestic relations matters may be non-dischargeable under certain circumstances. *See Shaver v. Shaver (In re Shaver)*, 736 F.2d 1314 (9th Cir.1984); *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675 (9th Cir. BAP 1994). In order for an obligation to pay professional fees to be non-dischargeable, however, the award of fees must constitute an indirect award of support to a spouse, former spouse, or dependent. *See Shaver*, 736 F.2d at 1316. The fees owed to plaintiff were not awarded by the state court as support for defendant's spouse, former spouse, or dependents. Plaintiff represented defendant, not his former spouse or his children. Further, the state court has not imposed the fees on defendant in connection with any dispute between plaintiff and defendant. Relief, then, is not available to plaintiff under section 523(a)(5).[1] The motion shall be granted to the extent the complaint is based upon 11 U.S.C. § 523(a)(5).

### C. Section 523(a)(15)

Finally, plaintiff claims that the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(15). Section 523(a)(15) provides that a bankruptcy discharge does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accor-

dance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

This exception to discharge was added by the Bankruptcy Reform Act of 1994.[2]

The question presented by this case is whether a person who is not a spouse, former spouse, or dependent of a debtor may bring a non-dischargeability complaint under section 523(a)(15). The answer is no.

Four bankruptcy courts have reported decisions on this question. Two courts, while agreeing with this court's conclusion, found that section 523(a)(15) did not expressly restrict standing to a debtor's spouse, former spouse, or dependent. These courts nonetheless imported such a restriction from the legislative history of section 523(a)(15). *See Barstow v. Finaly (In re Finaly)*, 190 B.R. 312 (Bankr.S.D.Ohio 1995), and *Woloshin, Tenenbaum and Natalie v. Harris (In re Harris)*, 203 B.R. 558 (Bankr.D.Del.1996).

A third court agreed with the results in *Finaly* and *Harris* but concluded that the language of section 523(a)(15) and its legislative history were not at odds with each other, because "[a] third party, if permitted to bring a Section 523(a)(15) action, always would be faced with the insurmountable obstacle of Section 523(a)(15)(B)." *Abate v. Beach (In re Beach)*, 203 B.R. 676, 680 (Bankr.N.D.Ill. 1997).

---

1. Nor would relief be appropriate under 11 U.S.C. § 523(a)(17) since plaintiff's fees were not awarded to it or imposed on defendant by the state court.

2. Pub.L. No. 103–394, § 304 (enacted on October 22, 1994).

A fourth court concluded that the non-spousal, non-dependent plaintiff could seek relief under section 523(a)(15), reasoning that the statute was clear on its face and was uncontroverted by the legislative history. *See Zimmerman v. Soderlund (In re Soderlund)*, 197 B.R. 742 (Bankr.D.Mass.1996).

The court's conclusions in *Soderlund* appear based on an abbreviated reading of section 523(a)(15) that is at odds with its legislative history. The analysis in *Beach*, on the other hand, is more persuasive. The court found that section 523(a)(15) and its legislative history limited the availability of this exception to discharge to a spouse, former spouse, or dependent of a debtor.

The legislative history states in relevant part that "[t]he exception [to discharge in section 523(a)(15)] applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation." And "[i]t is only the obligation owed to the spouse or former spouse—an obligation to hold the spouse or former spouse harmless—which is within the scope of this section." 140 Cong.Rec. H10,-770 (daily ed. October 4, 1994) as quoted by Lawrence P. King, *Collier on Bankruptcy*, § 523.21, p. 523–105, (15th ed. rev. 1996).

So, according to the legislative history, only the spouse, former spouse, and child of a debtor have standing under section 523(a)(15).

The statutory language, if read in its entirety, is in concert with the legislative history. It is true that the preambulatory language does not limit who may bring a complaint under section 523(a)(15).[3] But the inquiry does not end with the preambulatory language.

Section 523(a)(15) includes two subparagraphs which contain exceptions to non-dischargeability. 11 U.S.C. § 523(a)(15)(A) & (B). The exceptions are offered in the disjunctive. If either exception applies, then the debt is dischargeable.

The second exception effectively[4] limits standing under section 523(a)(15) to a debtor's spouse, former spouse, or child. Section 523(a)(15)(B) provides that a non-support debt shall be discharged if "discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor."

If a debt is owed to someone other than a spouse, former spouse, or child of the debtor, discharge of the debt will always result in a benefit to a debtor that is greater than the detriment to his or her spouse, former spouse, or child. This is true because, in this circumstance, the benefit to a debtor is necessarily positive, and the detriment to the spouse, former spouse, or child is necessarily zero.[5]

As the bankruptcy court stated in *Beach*: If a third party brought a complaint under Section 523(a)(15) seeking to discharge a debt in which the former spouse has no liability, the debtor could always raise the affirmative defense set forth in Section 523(a)(15)(B). The debtor would succeed because the former spouse suffers no detrimental consequences when the debt is discharged. Under this plain reading of Section 523(a)(15) as a whole it is clear that third parties are not contemplated to fall within its protective bounds despite the

---

3. "This is a further example ... illustrating that Section 523(a)(15) was not well thought through by its drafters." *Beach*, 203 B.R. at 679 n. 6 (citing *In re Smither*, 194 B.R. 102, 106 (Bankr. W.D.Ky.1996) (interpreting language of section 523(a)(15) is similar to "a paving stone on the road to the region of Hades reserved for litigation nightmares"); *Gantz v. Gantz (In re Gantz)*, 192 B.R. 932, 936 (Bankr.N.D.Ill.1996) (citation omitted) (section 523(a)(15) needs legislative remediation); *Kessler v. Butler (In re Butler)*, 186 B.R. 371, 373 (Bankr.D.Vt.1995) (drafting of Section 523(a)(15) is akin to the making of "sausage")).

4. The limitation may not be absolute in that a professional representing the spouse or former spouse may have standing under section 523(a)(15), by dint of the same reasoning as in *Shaver*.

5. This analysis considers only the economic effect. It would be inappropriate to consider the possibility that a spiteful former spouse might gain utility from a finding of non-dischargeability.

absence of explicit language limiting it to former spouses.

*Beach,* 203 B.R. at 680.

The bankruptcy courts in *Finaly, Harris,* and *Soderlund,* disregarded the impact of subparagraph (B) on the interpretation of section 523(a)(15). Without considering this subparagraph, section 523(a)(15) appears to provide that a bankruptcy discharge does not discharge any debt incurred by a debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record. However, this truncated reading of section 523(a)(15) seems clearly wrong given the import of subparagraph (B) and the legislative history.

■ The language of section 523(a)(15) and its legislative history are not in conflict. While section 523(a)(15) is not a model of clarity, the section when read as a whole reflects the Congressional intent to make certain non-support obligations to a debtor's spouse, former spouse, or children non-dischargeable in bankruptcy.[6] It necessarily follows that the professionals who represent a debtor in a pre-petition marital dissolution proceeding can never be granted relief in, and consequently will never have standing to bring, an action under section 523(a)(15).

The instant debt is not owed to defendant's former spouse or to his dependents. It is not even owed to a professional employed by or representing defendant's former spouse or his dependents. Therefore, plaintiff cannot be granted relief under section 523(a)(15). The motion to dismiss the claim under section 523(a)(15) will be granted.

### III. Conclusion

The complaint, whether brought under section 523(a)(5), section 523(a)(15), or section 727(a)(4), does not state a claim for relief. The motion to dismiss will be granted.

---

6. This conclusion is also in concert with the doctrine that exceptions to discharge are to be narrowly construed. *See Finaly,* 190 B.R. at 315 (citing *Brown v. Felsen,* 442 U.S. 127, 128, 99

S.Ct. 2205, 2207, 60 L.Ed.2d 767 (1979); *In re Gallagher,* 72 B.R. 830, 834 (Bankr.N.D.Ind. 1987)) and *Harris,* 203 B.R. at 559, n. 3).