**In re Thomas J. WENNEMAN, Debtor.**

**BRIAN M. URBAN CO., L.P.A., Plaintiff,**

v.

**Thomas J. WENNEMAN, Defendant.**

Bankruptcy No. 96–17122.
Adversary No. 97–1051.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

June 19, 1997.

David O. Simon, Cleveland, OH, for Plaintiff.

Joseph E. Marosan, Parma Hts., OH, for Defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

\* \* \*

This matter came before the court upon cross motions for summary judgment in the above-styled adversary proceeding. These motions arise from the Plaintiff's objection to discharge of a debt. Plaintiff, Brian M. Urban Co., L.P.A. (Urban) represented the Debtor–Defendant Thomas J. Wenneman (the Debtor) in his prior divorce action and is claiming the fees from that representation as nondischargeable under 11 U.S.C. § 523(a)(15). As an action based upon an objection to debt discharge, the cross motions for summary judgment are core proceedings under 28 U.S.C. § 157(b)(2)(J), with the court further acquiring jurisdiction pursuant to 28 U.S.C. 1334 and General Order No. 84 of this District.

\* \* \*

Urban is a non-spouse creditor of the Debtor attempting to except from discharge a debt resulting from professional services provided to the Debtor in a divorce proceeding. Neither the language of § 523(a)(15) of the Bankruptcy Code nor the legislative history of that statutory provision provides for an objection to be lodged by such an entity. Therefore, Urban does not possess the requisite standing to pursue the subject action under § 523(a)(15).

\* \* \*

The dispositive issue is whether a non-spouse creditor has standing to maintain a dischargeability action under § 523(a)(15) of the Bankruptcy Code.

\* \* \*

The facts as stated herein are not in dispute. The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on December 23, 1996. Urban was included on the petitioner's Schedule F as an undisputed general unsecured creditor. The amount of such scheduled debt is $28,573.29. This debt arose from Urban's representation of the Debtor in a divorce action. Pursuant to a judgment entry filed January 31, 1995, the Debtor was granted a divorce. It was ordered therein that both parties to the divorce proceeding be responsible for their respective attorney fees. (See Divorce Decree.) No evidence was adduced to contradict the expressed intent. The debt is, therefore, not of a kind addressable under § 523(a)(5) of the Bankruptcy Code. In addition to being responsible for paying his own attorney fees, the Defendant was ordered to provide child support payments for his five dependant children, and to pay spousal support for a period of twenty four (24) months. (Id.).

\* \* \*

A complaint objecting to a debt discharge gives rise to an adversarial proceeding. According to Rule 7056, Bankr.R., Rule 56, Fed.R.Civ.P., on summary judgment applies in an adversarial proceeding in bankruptcy. See, Rule 7056(c). Summary judgment in favor of the moving party is only appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, taken together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The provision at issue is § 523(a)(15) of the Bankruptcy Code. Under this section, a discharge under § 727 of the Bankruptcy Code does not discharge an individual from any debt that is:

not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with

State or territorial law by a governmental unit unless-

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependant of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.] 11 U.S.C. § 523(a)(15).

\* \* \*

Plaintiff Urban maintains that § 523(a)(15) is clear on its face as to its application to debts owed to a creditor other than a spouse or former spouse. He further argues that the statute clearly applies to any debt incurred by the debtor in the course of a divorce or separation regardless of whether the creditor is a spouse or former spouse of a debtor, because there is no language in § 523(a)(15) limiting its application. Urban concedes that this reading may not comport with the intent of Congress in introducing § 523(a)(15). He argues, however, that the court must follow the plain language of a statute when it is clear, regardless of whether or not it comports with the intent of the drafters.

The question of a non-spouse creditor having standing to object to a discharge based upon § 523(a)(15) has been addressed by numerous bankruptcy courts. The majority of cases maintain that a non-spouse creditor does not have such standing. *See, e.g., Barstow v. Finaly,* 190 B.R. 312 (Bankr.S.D.Ohio 1995) (based on the legislative history, it is clear that § 523(a)(15) applies only to a debt owed to a spouse or former spouse, therefore § 523(a)(15) did not apply to a debt owed to the parents of a former spouse); *Woloshin, Tenenbaum and Natalie, P.A. v. Harris,* 203 B.R. 558 (Bankr.D.Del.1996)(the committee reports on § 523(a)(15) clearly show that the scope of § 523(a)(15) does not include non-spouse creditors, therefore, a law firm which represented a debtor in a divorce-related

proceeding does not have standing to claim its fees exempt from discharge under § 523(a)(15)). There is however, one case in support of the position that such a creditor has standing. In *Zimmerman v. Soderlund,* 197 B.R. 742 (Bankr.D.Mass.1996), a law firm brought an adversary proceeding against a Chapter 7 debtor, seeking a determination of nondischargeability in relation to fees occurring in representing the debtor in a divorce and child custody proceeding. In making its decision, the court acknowledged that "section 523(a)(15) was undoubtedly directed at debts owed to a spouse, former spouse, or child of the debtor." *Soderlund, supra,* at 747. Notwithstanding, it found that the desired result evidenced by the legislative history was "not mandated by the language of the statute as enacted." *Soderlund, supra,* at 747. According to that court, because the language of the statute is plain:

> [The court's] sole function is to enforce it according to its terms, *United States v. Ron Pair Enterprises, Inc.,* [sic] 489 U.S. 235, 240, 109 S.Ct. 1026, 1029–30, 103 L.Ed.2d 290 (1989), except for "those rare cases in which literal application ... will produce a result demonstrably at odds with the intentions of its drafters[.]" *Id.* at 242, 109 S.Ct. at 1030–31. In the latter case, "the intention of the drafters, rather than the strict language, controls." *Id.*
>
> It is only when the literal meaning is at variance with the statute as a whole, including its overall policy and purpose, that the "plain meaning" overcomes the words. (citation omitted) Such is not the case here.

*Soderlund, supra,* at 747. No other court has followed the decision of *Soderlund.* Instead, the majority of courts have found no standing for non-spouse or non-dependant creditors.

 The first step in analyzing non-spousal standing under § 523(a)(15) has been to consider the language of the statute. When a statute is plain and unambiguous on its face, the inquiry as to its meaning and applicability ends. *Abate v. Beach,* 203 B.R. 676, 677 (Bankr.N.D.Ill.1997), *citing, Connecticut Nat'l. Bank v. Germain,* 503 U.S. 249, 254, 112 S.Ct. 1146, 1149, 117 L.Ed.2d

391 (1992). It is then the responsibility and "sole function of the courts ... to enforce it according to its terms." *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Urban argues that on its face § 523(a)(15), does not limit standing to spouses, former spouses or dependents of the debtor. Instead, he maintains that the statute clearly states that "any debt" incurred in the course of a divorce or separation is addressed and any individual with such a claim may object to discharge. This argument is valid with regard to the language of the statute without its subsections. However, § 523(a)(15) must be read in total, incorporating subsections A and B. *See, Ron Pair Enterprises, Inc., supra,* at 242, n. 5, 109 S.Ct. at 1031, n. 5 (the Court discussed an interpretation as improper when, *inter alia,* it interpreted a section in a manner inconsistent with the remainder of the statute). *See also, Abate, supra,* at 680, *citing, Matter of Lifschultz Fast Freight Corp.,* 63 F.3d 621, 628 (7th Cir.1995) (the plain language of § 523(a)(15) should be construed in such a manner so as to give effect to the provision as a whole); *Woodruff, O'Hair & Posner, Inc. v. Smith,* 205 B.R. 612 (Bankr.E.D.Cal.1997) (law firm, which represented debtor in prepetition marriage dissolution, lacked standing to bring nondischargeability complaint under § 523(a)(15) because the language of the statute, read in its entirety, comported with the legislative intent to limit standing). The exceptions to non-dischargeability under § 523(a)(15), specifically § 523(a)(15)(B), effectively limit standing to a debtor's spouse, former spouse, or child. *Smith, supra,* at 616. Accordingly:

> While section 523(a)(15) is not a model of clarity, the section when read as a whole reflects the Congressional intent to make certain non-support obligations to a debtor's spouse, former spouse, or children nondischargeable in bankruptcy. (footnote omitted) It necessarily follows that the professionals who represent a debtor in a pre-petition marital dissolution proceeding can never be granted relief and can never have standing to bring an action under section 523(a)(15).

*Smith, supra* at 615. Thus, upon a complete reading of the statute, § 523(a)(15) does not give standing to non-spouse debtors. *Smith, supra,* at 616.

■ Arguendo, even if this court had determined that, on its face, the statute does not limit standing, the plain meaning of legislation is not conclusive when the literal application will produce a result demonstrably at odds with the intentions of its drafters. *See, Ron Pair Enterprises, Inc., supra,* at 242, 109 S.Ct. at 1031, *citing, Griffin v. Oceanic Contractors, Inc.* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982); *Abate, supra,* at 677. In such cases, the intention of the drafters, not the strict language of the statute, was found to be controlling.

The legislative history of § 523(a)(15) clearly indicates the intent that it apply only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce. *Abate, supra,* at 679. The purpose of this section, as stated by Chairman Brooks was:

> [To] add[ ] a new exception to discharge for some debts arising out of a divorce decree or separation agreement that are not in the nature of alimony, maintenance or support. In some instances, divorcing spouses have agreed to make payments of marital debts, holding the other spouse harmless from those debts, in exchange for a reduction in alimony based on a larger property settlement ... This subsection will make such obligations nondischargeable in cases where the debtor has the ability to pay them and the detriment to the nondebtor spouse from their nonpayment outweighs the benefit to the debtor of discharging such debts. . . .
>
> *The exception applies only to debts incurred in a divorce or separation agreement that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation. . . . It is only the obligation owed to the spouse or former spouse ... an obligation to hold the spouse or former spouse harmless ... is within the scope of this section.* (Emphasis added).

140 Cong. Rec. H10752–01, H10770 (daily ed. Oct. 4, 1994). In addition, Representative Slaughter's statements further exemplify the true intent of § 523(a)(15) as a measure which "closes a loophole which can be devastating to single-parent families ... [by] obligat[ing] the non-custodial spouse, who agreed to pay the couple's marital debts, to continue responsibility for these debts." Id. at H10773. With the intent of the drafters clearly presented, application of the statute in the manner suggested by Urban would create a result demonstrably at odds with the intent of Congress in enacting § 523(a)(15). Therefore, § 523(a)(15) must be read, in accordance with its legislative history, as conferring standing to object to discharge of a debt only upon a spouse, former spouse or dependant of the debtor. Accordingly, Urban's arguments to the contrary are rejected.

■ In opposition to Urban's motion, and on a cross motion for summary judgment, the Debtor argues that the attorney fees owed to Urban are not the type of debt subject to § 523(a)(15) of the Bankruptcy Code. Instead, the section excepts from discharge debts between spouses occurring in connection with a divorce or separation, not of the kind addressed in § 523(a)(5). Debtor argues that the majority of the case law in this regard supports Congress' intent to provide only spouses, former spouses or dependents standing to challenge the dischargeability of debts in connection with the divorce, separation or support actions. Therefore, even if the language of the statute was not clear as to its application, legislative intent must be examined to properly apply § 523(a)(15) in considering the dischargeability of a debt. In examining the intent of Congress, a debt owed to the attorney of a debtor in a divorce proceeding is clearly not what was meant to be exempted from discharge under § 523(a)(15).

\* \* \*

Accordingly, the Plaintiff's Motion for Summary Judgment is hereby denied, and the Debtor–Defendant's Motion for Summary Judgment is hereby granted. Thusly, the Complaint is hereby dismissed.

**IT IS SO ORDERED.**

## JUDGMENT

A Memorandum Of Opinion And Order having been entered in these proceedings,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Summary Judgment is denied, and the Debtor–Defendant's Motion for Summary Judgment is granted, and the Complaint is dismissed.