**In re Kimberly Anne EUELL a/k/a Kimberly Anne Eodice, Debtor.**

**Baroway & Dawson, P.C., Plaintiff,**

**v.**

**Kimberly Anne Euell, a/ka Kimberly Anne Eodice, Defendants.**

**Bankruptcy No. 01–13050 DEC. Adversary No. 01–1237 EEB.**

United States Bankruptcy Court, D. Colorado.

Jan. 2, 2002.

Tracey M. Dawson, Baroway & Dawson, P.C., Englewood, CO, for Baroway & Dawson, P.C.

Kimberly Anne Eodice, Pro Se.

## ORDER DISMISSING COMPLAINT FOR LACK OF STANDING

ELIZABETH E. BROWN, Bankruptcy Judge.

Prior to this bankruptcy filing, Baroway & Dawson, P.C. (the "Firm") acted as guardian ad litem ("GAL") for the Debtor's children in her divorce proceeding. The Firm filed this adversary proceeding seeking to have its GAL fees determined nondischargeable under 11 U.S.C. § 523(a)(15). The Debtor filed an answer to the Complaint pro se. At the Status and Scheduling Conference, the parties informed the Court that the Debtor had agreed to pay the legal fees in order to resolve this dispute. The Court declined to approve the settlement on the ground that the Court was not satisfied that the Complaint stated a claim for relief. Specifically, the Court questioned the Firm's standing to assert a claim under Section 523(a)(15).[1] The Court subsequently issued an Order to Show Cause directing the Firm to submit a written response setting forth the legal basis for its standing. After review of its Response, the Court finds that the Firm does not have standing to assert its claim for relief.

---

1. Unless otherwise specified, all references to "Sections" are to sections in Title 11, United States Code.

## I. *SUA SPONTE* POWER OF THE COURT

The Firm's standing to pursue an exception to discharge under Section 523(a)(15) was raised by the Court *sua sponte*. Such an inquiry is appropriate. Standing to sue is an essential element to a justiciable case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). It is a jurisdictional prerequisite that is not subject to waiver. *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996). Federal courts have an independent obligation to examine their own jurisdiction, and standing "is perhaps the most important of [the jurisdictional] doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) (quoting *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). *See also In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1101 (10th Cir.2001); *In re Newman*, 183 B.R. 239, 248 (Bankr.D.Kan.1995).

## II. STANDING OF THIRD PARTIES UNDER SECTION 523(a)(15)

Section 523(a)(15) excepts from discharge any debt:

not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor ...; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.....

Prior to the enactment of Section 523(a)(15), divorce-related obligations, other than alimony, maintenance, and child support, were dischargeable. The legislative history of Section 523(a)(15) indicates that the intent of the drafters was to address the potential inequity of allowing the filing ex-spouse to discharge property settlement and hold-harmless obligations.

In some instances, divorcing spouses have agreed to make payments of marital debts, holding the other spouse harmless from those debts, in exchange for a reduction in alimony payments. In other cases, spouses have agreed to lower alimony based on a larger property settlement. If such "hold harmless" and property settlement obligations are not found to be in the nature of alimony, maintenance, or support, they are dischargeable under current law. The nondebtor spouse may be saddled with substantial debt and little or no alimony or support. This subsection will make such obligations nondischargeable in cases where the debtor has the ability to pay them and the detriment to the nondebtor spouse from their nonpayment outweighs the benefit to the debtor of discharging such debts.

*The exception applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation. If the debtor agrees to pay marital debts that were owed to third parties, those third parties do not have standing to assert this exception, since the obligations to them were incurred prior to the divorce or separation agreement. It is only the obligation owed to the spouse or former spouse—an obligation to hold*

*the spouse or former spouse harmless— which is within the scope of this section.* 140 Cong. Rec. H10752, H10770 (daily ed. Oct. 4, 1994)(emphasis added).

There are no reported decisions in the Tenth Circuit addressing the issue of third-party standing under this statute. Outside the Tenth Circuit, the Ninth Circuit Bankruptcy Appellate Panel is the highest court to have examined the issue. In *In re Dollaga,* 260 B.R. 493 (9th Cir. BAP 2001), the attorney who had represented the debtor in his divorce action sought to have her fees declared nondischargeable as a non-support divorce debt under Section 523(a)(15). The debtor failed to answer or otherwise defend the action and, in determining whether to enter a default judgment, the bankruptcy court *sua sponte* raised the issue of standing. In rejecting standing, it found that

> [w]hat little can be gleaned from the House and Senate reports regarding the Bankruptcy Reform Act of 1994 supports the conclusion that the purpose [of] § 523(a)(15) was to provide some protection to the debtor's children and spouse in cases where § 523(a)(5) would not be applicable. It was not intended to cover any creditor holding any debt arising out of a family law proceeding. More importantly, the actual language of the statute, taken as a whole, supports this conclusion. Plaintiff's position would require the court to ignore § 523(a)(15)(B), which balances the harm to the debtor versus the harm to a

child or former spouse of discharging the debt in question.

*Id.* at 495. The Ninth Circuit Bankruptcy Appellate Panel affirmed the bankruptcy court's denial of standing. *Accord In re Bryant,* 260 B.R. 839 (Bankr.W.D.Ky. 2001)(ex-spouse's estate does not have standing); *In re Smith,* 205 B.R. 612 (Bankr.E.D.Cal.1997)(debtor's divorce attorney does not have standing); *In re Finaly,* 190 B.R. 312 (Bankr.S.D.Ohio 1995)(holding both that parents of debtor's ex-spouse do not have standing and that a debt owed to the parents of the ex-spouse could not be excepted from discharge under this statute); *In re Wenneman,* 210 B.R. 115 (Bankr.N.D.Ohio 1997); *In re Beach,* 203 B.R. 676 (Bankr.N.D.Ill.1997); *In re Harris,* 203 B.R. 558 (Bankr.D.Del. 1996); *In re Douglas,* 202 B.R. 961 (Bankr. S.D.Ill.1996); *In re Dressler,* 194 B.R. 290 (Bankr.D.R.I.1996); *In re Dean,* 231 B.R. 19 (Bankr.W.D.N.Y.1999)(finding that debtor's divorce attorney had no standing because the debt was not owed to a spouse or former spouse).

In the only reported decision allowing standing to a third-party creditor under this statute, *In re Soderlund,* 197 B.R. 742 (Bankr.D.Mass.1996), the court refused to consider the legislative history on the basis that it found the plain language of the statute permitted third-party standing.[2] It relied on the introductory clause's use of "any debt" and the fact that clauses (A) and (B) are presented in the disjunctive.

---

2. There are two other decisions that appear, at first blush, to have allowed third parties to bring a Section 523(a)(15) claim. Closer examination of the opinions in those cases leads to a different conclusion. In *In re LeRoy,* 251 B.R. 490 (Bankr.N.D.Ill.2000), the court appeared to consider a finding that the divorce attorneys for the debtor's ex-spouse had standing under (a)(15). The Court did not specifically find standing, however, ruling instead that, even if it were assumed that the attorneys had standing, the debt was dischargeable under subsections (A)(inability to pay) and (B)(lack of detriment to non-debtor spouse who could better afford to pay the bill). *Id.* at 508. In *In re Sanders,* 236 B.R. 107 (Bankr.S.D.Ga.1999), the court also straddled the fence, finding in the alternative, that the benefit to the debtor of discharge outweighed the detriment to the non-debtor spouse.

While subsection (B) would generally preclude standing to third parties, the *Sonderlund* court found that clause (A) permits such standing.

The original version of the statute contained the word "and" between clauses (A) and (B), instead of the word "or" as finally adopted. The legislative history, clarifying that Section 523(a)(15) applies only to spouses and dependents, was written at a time when the draft contained the (A) and (B) clauses in the conjunctive form, using "and." *In re Soderlund*, 197 B.R. at 747. The *Soderlund* court found that this required an interpretation of the statute that, if a debt was incurred in connection with a divorce proceeding and the debtor had the ability to pay without jeopardizing support of the debtor and debtor's dependents, then the debt is excepted from discharge.

■■■ A fundamental premise of statutory interpretation is to ascertain legislative intent. As the *Soderlund* court noted, in order to discover legislative intent the court must first look to the words of the statute itself, giving them their usual and ordinary meaning. *Id.* at 747 (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). Another fundamental rule of statutory construction, however, is a prohibition against construing statutes so as to render any of their provisions superfluous. *Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir.1991). The *Soderlund* court's interpretation renders clause (B) superfluous. It is true that clause (A) alone requires no inquiry into a cost-benefit analysis between spouses, but clause (B) does. The *Sonderlund* court ignores the fact that if the debtor establishes an exception to the exception under either clause, the debt becomes dischargeable. Once clause (B) is considered, it becomes clear that the third-party creditor cannot prevail under this statute.

■■ Exceptions to discharge are to be narrowly construed. *Brown v. Felsen*, 442 U.S. 127, 128, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Thus, unless the debt falls squarely under the provisions of an exception to discharge provided by Section 523, it is dischargeable in bankruptcy. Section 523(a)(15) begins with a general exception to discharge for non-support divorce-related debts. Without Section 523(a)(15)'s clauses (A) and (B), this exception to discharge would include the Firm's claim. The statute, however, includes two possible exceptions to the exception: (A) if the debtor cannot pay and still provide necessary support; or (B) if the detriment to the non-debtor spouse or child outweighs the benefit to the debtor. The use of the disjunctive "or" allows broader use of the exceptions to the exception. If clauses (A) and (B) had remained in the conjunctive, then only one exception to the exception would have existed because the debtor would have to satisfy both clauses. The use of the disjunctive "or" reflects legislative intent to broaden the exception to the exception or to provide greater dischargeability. When the original draft contained the use of "and," the legislative history clearly indicated its intent to limit the use of the statute to spouses and dependents. The change to the disjunctive form only indicates an intent to increase dischargeability, not to narrow the exceptions to the exception or to broaden standing to assert nondischargeability.

In its Response to Order to Show Cause, the Firm argues that the *Smith* court appears to leave the door open to the filing of a Section 523(a)(15) claim by legal counsel for the debtor's children. The Firm points to its discussion of the nondischargeability of professional fees in certain circumstances under Section 523(a)(5). *In re Smith, supra*, 205 B.R. at 615. However, the *Smith* court unequivocally stated that

the "question presented by this case is whether a person who is not a spouse, former spouse, or dependent of a debtor may bring a nondischargeability complaint under § 523(a)(15). The answer is no." *Id.*

A third-party creditor might possibly have standing in one instance. The *Dollaga* court expressly stated that it was not deciding the issue of whether a third-party creditor has standing when the non-debtor spouse or child is jointly liable with the debtor. *In re Dollaga, supra,* 260 B.R. at 497. This Court as well does not need to consider this issue. In the present action, the Firm's Complaint fails to allege that the non-debtor spouse or children are jointly liable for the GAL fees.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the Complaint does not state a claim for relief. The Firm does not have standing to pursue a claim under 11 U.S.C. § 523(a)(15). Accordingly, the Complaint is DISMISSED.