**In the matter of James Thomas SANDERS, Debtor.**

**Savage, Herndon & Turner, Plaintiff,**

v.

**James Thomas Sanders, Defendant.**

**Bankruptcy No. 98–14683.**
**Adversary No. 98–4192.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

June 24, 1999.

R. Scott Kraeuter, Savannah, Georgia, for plaintiff.

Mr. Kevin J. Street, Savannah, Georgia, for defendant.

### *MEMORANDUM AND ORDER*

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

Debtor, James Thomas Sanders, filed a petition under Chapter 7 of the Bankruptcy Code on June 8, 1998. Plaintiff, Savage, Herndon & Turner, Attorneys at Law, filed this adversary complaint on September 8, 1998, seeking a determination that the Debtor's obligation to the firm is excepted from discharge by 11 U.S.C. § 523(a)(15). This adversary is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(I). I make the following Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## FINDINGS OF FACT

The parties have stipulated that the following facts are not in dispute. The Debtor, James Thomas Sanders, retained the firm of Savage, Herndon & Turner to represent him in a divorce action, *Sanders v. Sanders,* in the Superior Court of Chatham County, Georgia, Civil Action No. 1295–MO–DR–96. All work performed by Savage, Herndon & Turner was rendered in connection with Debtor's divorce, and the outstanding bill for fees and expenses is $46,603.94. Debtor filed a Chapter 7 case on June 8, 1998, and listed Savage, Herndon & Turner as a creditor in the case.

## CONCLUSIONS OF LAW

11 U.S.C. § 523(a)(5) and (15) provide as follows:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) *to a spouse,* former spouse, or child of the debtor, *for alimony to, maintenance for, or support of such spouse or child,* in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a government unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actual-ly in the nature of alimony, maintenance, or support;

(15) *not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation* or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

(Emphasis added).

Debtor contends that Section 523(a)(15) creates an exception from discharge *only* for spousal obligations and does not operate in favor of third parties. This case does not involve an award of attorney's fees to the spouse receiving alimony and support, which the paying spouse then attempts to discharge in a Chapter 7 case. Rather, Debtor is attempting to discharge the monetary obligation owed to his *own* counsel incurred "in the course of" the domestic relations action.

Debtor's former attorneys argue that the plain meaning of the statute excepts *any* debt incurred in the course of a divorce from discharge unless an exception is established by debtor. Debtor's counsel relies heavily on the case of *In re Soderlund,* 197 B.R. 742 (Bankr.D.Mass.1996). There is no doubt that the facts in *Soderlund* are strikingly similar to those in the case before this Court; indeed, the judge

in that case held that the debtor's counsel did have standing under Section 523(a)(15) to pursue a non-dischargeability action against the Debtor who had formerly been the law firm's client in a domestic relations action. That Court considered essentially the same arguments which have been presented to this Court as to whether the exception from dischargeability is available to a creditor, other than the debtor's former spouse, and concluded, relying upon a literal interpretation of the statute, that it was. Having reviewed that analysis and the applicable provisions of the Code I reach the opposite conclusion herein and determine that the debt is, in fact, dischargeable.

In essence, the question is whether the subsection (15) category of non-dischargeable debts "not of the kind described in paragraph (5)" encompasses *all non-alimony but divorce-related debt* and encompasses only *non-alimony debts to a spouse.* In other words, did Congress intend in subparagraph (15) to open up the exception from discharge to any creditor who extends credit (that is somehow connected to a divorce or separation agreement) to a debtor, or was the exception intended only to reach those spousal obligations which are found by the Court not to be in the nature of alimony but rather were found to be in the nature of a division of property?

■ Having considered the language of the two subsections together, I hold that a debt "not of the kind described in paragraph (5)" means a debt payable *to a spouse,* former spouse, or a child, which is held not to constitute alimony, maintenance or support. Thus paragraph (15) does not refer to any and all debts incurred in connection with a divorce but only debts to a spouse incurred in connection with a divorce.

■ This result is supported by legislative history. Analyzing the statutory language in a vacuum can easily yield two different results. *Cf. In re Soderlund,* 197 B.R. 742. Where the language of a statute is ambiguous, recourse may be had to the legislative history of the statute in question. Congress added Section 523(a)(15) in 1994, in response to the ability of a debtor to discharge debts deemed to be property settlements rather than alimony, maintenance, or child support. In adding a new subsection to render certain property divisions nondischargeable as well, Congress expressly noted that:

> The exception applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation. If the debtor agrees to pay marital debts that were owed to third parties, those third parties do not have standing to assert this exception, since the obligations to them were incurred prior to the divorce or separation agreement. It is only the obligation owed to the spouse or former spouse—an obligation to hold the spouse or former spouse harmless—which is within the scope of this section.

140 Cong.Rec. H10, 752, 10, 770 (daily ed. Oct. 4, 1994). Application of the statute in the manner urged by Plaintiffs would create a result demonstrably at odds with the intent of Congress; therefore, the meaning of the statute urged by Plaintiffs cannot control. *In re Wenneman,* 210 B.R. 115, 119 (Bankr.N.D.Ohio 1997); *see also In re Beach,* 203 B.R. 676 (Bankr.N.D.Ill.1997).

■ Moreover, I find an alternative and equally compelling reason for this holding. Even assuming the *Soderlund* court to be correct in concluding that a debt owed to debtor's counsel is a debt "not of the kind described in paragraph (5)," such an obligation is still discharged if either of the exceptions to the exception are established by the debtor. Thus, the debt is discharged under subsection (15) if debtor establishes: (1) that the debtor does not have the ability to pay such debt; or (2) that "discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a

spouse, former spouse, or child of the debtor." 11 U.S.C. § 523(a)(15). As the *Soderlund* court pointed out, subsections (A) and (B) are in the disjunctive and not the conjunctive. The debtor therefore succeeds in proving an exception to the exception from discharge if the debtor proves *either* of the elements of subsection (A) or (B). *See In re Smith,* 218 B.R. 254 (Bankr.S.D.Ga.1997).

I hold, as a matter of law, that the benefit to the debtor of discharging this obligation "outweighs the detrimental consequences to a spouse, former spouse, or a child of the debtor." This is the so-called balancing of the equities test. It clearly calls for a balancing of equities as between the debtor and the debtor's spouse or child—not a balancing of the equities between the debtor and the debtor's domestic relations counsel.[1] Discharging a debt of $46,000.00 constitutes an obvious and substantial benefit to the Debtor, and also results in detrimental consequences to his former attorneys. However, discharge represents no detrimental consequence whatsoever to the spouse, former spouse, or child of the debtor inasmuch as the fees are not the obligation of the debtor's spouse, former spouse, or child.

### CONCLUSION

As a result, I hold that debtor's domestic relations counsel lack standing to assert the exception to discharge under subsection 523(a)(15), or alternatively, that as a matter of law the debtor has established the exception to the exception contained in Section 523(a)(15)(B). The claim of Debtor's former counsel in the amount of $46,-603.94 is therefore determined to be discharged.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law IT IS THE ORDER OF THIS COURT that the debt of James Thomas Sanders to Savage, Herndon & Turner in the amount of $46,-603.94 is discharged.

---

**1.** Counsel for Savage, Herndon & Turner asserted that the equities-balancing issue was reserved for a later evidentiary hearing. However, since the balance must be struck vis-a-vis the spouse and not the claimant, I conclude that it is a clear question of law.