In re Leo G. DOLLAGA and Glorie F. Dollaga, Debtors.

Juliet C. Ashton, Appellant,

v.

Leo G. Dollaga and Glorie F. Dollaga, Appellees.

BAP No. NC–00–1147–RRyB. Bankruptcy No. 98–45855 N. Adversary No. 98–4735 AN.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 18, 2001.

Decided March 23, 2001.

**494**

Juliet C. Ashton, San Jose, CA, Pro se Appellant.

Before: RUSSELL, RYAN, and BRANDT, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge.

Pursuant to § 523(a)(15),[1] the appellant sought a determination of nondischargeability for the appellee's unpaid balance for prepetition legal services rendered in marital dissolution proceedings. The bankruptcy court ruled against her, finding that she lacked standing to sue under that section. This appeal followed. We AFFIRM.

---

**1.** Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

## I. FACTS

In July 1997, after eight years of marriage, appellees Leo and Glorie Dollaga separated. Leo Dollaga petitioned for dissolution and the parties ultimately stipulated to judgment at a March 1998 state court hearing. Mr. Dollaga was represented by appellant Juliet Ashton in the dissolution proceedings.

Notwithstanding their initial agreement, the Dollagas were unable to solidify the details of the judgment. While it remained pending, they filed their chapter 7 petition. Subsequently, in July 1998, judgment of dissolution was entered. The judgment preserved an earlier-issued order providing for joint legal custody of the couple's three minor children.

In September 1998, Ashton filed a complaint against the Dollagas by which she sought a determination of nondischargeability, under § 523(a)(15), for Mr. Dollaga's unpaid balance of $5,774 for her legal services.[2] Amending her complaint three times, she alleged that ninety percent of her services pertained to the custody of the children and support for Mr. Dollaga. She also alleged that Mr. Dollaga had the ability to pay "over and above having the ability to pay sums reasonably necessary for the maintenance and support of himself and his children." The Dollagas did not answer Ashton's complaint.

A trial was held in February 1999. Based on *In re Smith*, 205 B.R. 612 (Bankr.E.D.Cal.1997), the bankruptcy court tentatively concluded that the debt owed to Ashton was outside the purview of § 523(a)(15) and that Ashton lacked standing to sue under that section. The court allowed Ashton a response to its tentative ruling and she filed one. Citing legislative

---

**2.** Ashton also objected to the Dollagas' discharge under § 727, but later withdrew this cause of action.

history, she urged that § 523(a)(15), which excepts from discharge debts arising out of a divorce decree or separation agreement that are not in the nature of alimony, maintenance, or support, should apply to the type of debt she held.

The court was not persuaded and finalized its earlier ruling. It stated:

> I have reviewed the plaintiff's response to my tentative ruling, but remain convinced that the *Smith* decision correctly interprets the statute. What little can be gleaned from the House and Senate reports regarding the Bankruptcy Reform Act of 1994 supports the conclusion that the purpose [of] § 523(a)(15) was to provide some protection to the debtor's children and spouse in cases where § 523(a)(5) would not be applicable. It was not intended to cover any creditor holding any debt arising out of a family law proceeding.
>
> More importantly, the actual language of the statute, taken as a whole, supports this conclusion. Plaintiff's position would require the court to ignore § 523(a)(15)(B), which balances the harm to the debtor versus the harm to a child or former spouse of discharging the debt in question.

Judgment, Mar. 1, 2000, p. 2. The court rendered judgment in favor of the Dollagas and Ashton timely appealed.

## II. ISSUE

Whether Ashton had standing to bring a nondischargeability complaint under § 523(a)(15).

## III. STANDARD OF REVIEW

■ This appeal raises a legal issue. We review such issues under the *de novo* standard. *See In re Black*, 222 B.R. 896, 899 (9th Cir. BAP 1998) (citing *In re Kirsh*, 973 F.2d 1454, 1456 (9th Cir.1992)).

## IV. DISCUSSION

Ashton argues on appeal that she indeed had standing to bring a nondischargeability complaint under § 523(a)(15). We disagree.

Added to the Code by the Bankruptcy Reform Act of 1994, Section 523(a)(15) excepts from discharge any debt—

> not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—
>
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]

In short, § 523(a)(15) is the provision governing nonsupport divorce debt.

The broad question presented by this appeal mirrors that which was presented in *In re Smith*, 205 B.R. 612 (Bankr. E.D.Cal.1997), on which the bankruptcy court relied. That question is the following: whether a person who is not a spouse, former spouse, or dependent of a debtor may sue for nondischargeability under § 523(a)(15). The *Smith* court answered in the negative. In *Smith*, a debtor's former attorney sought nondischargeability under § 523(a)(15) for her prepetition debt

for legal services rendered in marital dissolution proceedings. *Smith*, 205 B.R. at 613–14. The debtor filed a motion to dismiss, which the court granted. *Id.* at 614.

The court held that professionals who represent a debtor in prepetition marital dissolution proceedings could not have standing under § 523(a)(15). *Id.* at 617. Following the lead of *In re Beach*, 203 B.R. 676 (Bankr.N.D.Ill.1997), which limited the availability of § 523(a)(15) to a spouse, former spouse, or dependent of a debtor, the court examined the plain language and legislative history of § 523(a)(15). *Smith*, 205 B.R. at 616–17. It focused on the two above-quoted subparagraphs containing exceptions to dischargeability, noting that the second exception effectively limited standing to a debtor's spouse, former spouse, or child. *Id.* at 616. The court reasoned:

> If a debt is owed to someone other than a spouse, former spouse, or child of the debtor, discharge of the debt will always result in a benefit to a debtor that is greater than the detriment to his or her spouse, former spouse, or child. This is true because, in this circumstance, the benefit to a debtor is necessarily positive, and the detriment to the spouse, former spouse, or child is necessarily zero.

*Id.*

The court also echoed the analysis in *Beach:*

> If a third party brought a complaint under Section 523(a)(15) seeking to discharge a debt in which the former spouse has no liability, the debtor could always raise the affirmative defense set forth in Section 523(a)(15)(B). The debtor would succeed because the former spouse suffers no detrimental consequences when the debt is discharged. Under this plain reading of Section 523(a)(15) as a whole it is clear that

third parties are not contemplated to fall within its protective bounds despite the absence of explicit language limiting it to former spouses.

*Id.* at 616–17 (quoting *Beach*, 203 B.R. at 680).

Certain legislative history of § 523(a)(15) was of particular concern to the court, as it had been in *Beach*. The court extracted the following: "The exception [to discharge in section 523(a)(15)] applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation." *Id.* at 616 (quoting H. REP. No. 103–835, at 55 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3364). It continued with: "It is only the obligation owed to the spouse or former spouse—an obligation to hold the spouse or former spouse harmless—which is within the scope of this section." *Id.* (quoting H. REP. No. 103–835, at 55 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3364).

Several reported decisions comport with the *Smith* court's holding limiting the application of § 523(a)(15) to a debtor's spouse, former spouse, or child. *See In re Sanders*, 236 B.R. 107 (Bankr.S.D.Ga. 1999); *In re Wenneman*, 210 B.R. 115 (Bankr.N.D.Ohio 1997); *In re Harris*, 203 B.R. 558 (Bankr.D.Del.1996); *In re Finaly*, 190 B.R. 312 (Bankr.S.D.Ohio 1995). *In re Soderlund*, 197 B.R. 742 (Bankr. D.Mass.1996), stands alone in having reached a different conclusion. There, the bankruptcy court rejected the view that only parties to a divorce may maintain actions under § 523(a)(15). *See Soderlund*, 197 B.R. at 747. While this was the view mandated by certain legislative history, the court stated, it was not, in the court's opinion, the one called for by the plain language of the statute. *Id.* The court reasoned:

The two "unless" clauses [of § 523(a)(15)] are stated in the disjunctive. While (B) can be applied only by applying a cost-benefit analysis to the former spouses and their present obligations to self and others, (A) can be invoked without that inquiry.

*Id.*

The court took direction from *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), in which the Supreme Court stated: "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *Ron Pair*, 489 U.S. at 242, 109 S.Ct. 1026 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)). It found that a plain meaning construction of § 523(a)(15) did not produce such a result. *Soderlund*, 197 B.R. at 747–48.

 We believe the approach in *Smith* and cases in agreement with *Smith* preferable to that in *Soderlund*. As *Smith* observed, the language of § 523(a)(15) and its legislative history are not in conflict. *Smith*, 205 B.R. at 617. We agree that "the section when read as a whole reflects the Congressional intent to make certain non-support obligations to a debtor's spouse, former spouse, or children nondischargeable in bankruptcy." *Id.* Accordingly, we hold that Ashton lacked standing to bring a nondischargeability complaint under § 523(a)(15).

We emphasize that we are not presented with, nor do we decide, the issue of whether a creditor has standing under § 523(a)(15) where the non-debtor spouse or children have liability on the creditor's claim. The Ninth Circuit has held in *In re Chang*, 163 F.3d 1138 (9th Cir.1998), that in such a situation, the creditor would have standing under § 523(a)(5).

Ashton has not alleged that the debtor's former spouse or children have any liability to her on the debt in question. This is no doubt due to the fact that Ashton represented the debtor, not the former spouse or children. We note that the *Smith* court was not confronted with this issue because as here, the creditor was the debtor's former counsel.

Thus, we are not faced with a situation where, because the debtor's spouse or children are also liable, the detriment to that spouse or those children in discharging the third party's claim could outweigh the benefit to the debtor.

## V. CONCLUSION

Both the language of § 523(a)(15) and its legislative history indicate that it cannot operate in favor of Ashton. We therefore AFFIRM.

BRANDT, Bankruptcy Judge, concurring.

I concur in the result, but respectfully disagree with the analysis: we are to discern a party's standing without reference to the merits of her suit, *Warth v. Seldin*, 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), and that Ms. Ashton's action is doomed to fail does not negate her standing. *Construction Indus. Ret. Fund v. Kasper Trucking, Inc.*, 10 F.3d 465, 467 (7th Cir.1993).

As so ably stated by Judge Hillman in *Zimmerman v. Soderlund (In re Soderlund)*, 197 B.R. 742, 746–48 (Bankr. D.Mass.1996), whatever the legislative history may say, § 523(a)(15) does not preclude a third party claim.

I would hold that Ms. Ashton has standing, but affirm because she has failed to prove up her default.