MEMORANDUM **
1.The bankruptcy court did not abuse its discretion by denying debtor’s second motion to recuse Judge Faris. No reasonable person could conclude, based on this record, that Judge Faris’s impartiality might be questioned. See In re Focus Media, 378 F.3d 916, 929-30 (9th Cir.2004). Even assuming the November 9, 2009, order Judge Faris entered differed from his oral ruling, debtor has failed to show why such a discrepancy would demonstrate impermissible bias requiring re-cusal, rather than merely providing “grounds for appeal.” Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). The local rules at the time did not require signatures from either the United States Trustee or debt- or, and Judge Faris provided ample time for the parties to review the proposed order. Debtor could have commented on the proposed order prior to entry, or appealed the order before it became final. That debtor failed to take basic, necessary steps to address what it believed to be an erroneous order does not in any way cast doubt upon Judge Faris’s impartiality.
2. The bankruptcy court did not abuse its discretion by denying debtor’s motion to reopen. Debtor provided no legal or factual basis for reopening the proceeding. The “facts” that debtor relied on were unrelated to the merits of the second recu-sal motion, and the vague assertion of “new matters” did not warrant reopening the matter.
3. We decline to exercise jurisdiction over Continental’s cross-appeal of the re-cusal order. “Ordinarily, only a party aggrieved by a judgment or order of a [lower] court may exercise the statutory right to appeal therefrom.” Deposit Guar. Nat’l Bank v. Roper, 445 U.S. 326, 333, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). Subject to certain prudential exceptions, a party which has prevailed before the lower court is not considered aggrieved. See Envtl. Prot. Info. Ctr., Inc. v. Pac. Lumber Co., 257 F.3d 1071, 1075 (9th Cir.2001). Continental prevailed below and does not even attempt to explain how this case falls with *673 in a prudential exception to our general rule. Because Continental was not aggrieved by the bankruptcy court’s denial of debtor’s second motion to recuse, it may not challenge that order’s factual findings on appeal.
4. Each party shall bear its own costs on appeal.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.