
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ARA ERIC HUNANYAN,<br>　　　　　　Debtor. | BAP No. CC-21-1224-SGF<br><br>Bk. No. 1:21-bk-10079-MT |
| ARA ERIC HUNANYAN,<br>　　　　　　Appellant,<br>v.<br>LUCY MEGUERIAN; HOVIK<br>MEGUERIAN,<br>　　　　　　Appellees. | Adv. No. 1:21-ap-01036-MT<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Maureen A. Tighe, Bankruptcy Judge, Presiding[**]

Before: SPRAKER, GAN, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Ara Eric Hunanyan appeals from the dismissal of

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[**] Though Judge Tighe entered the order dismissing Hunanyan's adversary proceeding, Judge Geraldine Mund denied Hunanyan's motion to recuse Judge Tighe.

[1] Unless specified otherwise, chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

his adversary proceeding against the personal representatives of his deceased former wife's probate estate. He also appeals the denial of his motion to recuse the presiding judge.

Hunanyan's adversary proceeding largely raised issues and claims the bankruptcy court already had disposed of when it overruled his objection to the probate estate's proof of claim. But his amended complaint also included a claim for relief that had not been previously addressed: a claim to determine that his obligations under a state court dissolution judgment were dischargeable. The bankruptcy court dismissed all claims for relief without leave to amend.

We hold that the dismissal of Hunanyan's claim to determine the dischargeability of his debts under the state court dissolution judgment was error and must be REVERSED and the matter REMANDED for further proceedings on that surviving claim for relief.

None of Hunanyan's other arguments have any merit. Therefore, we AFFIRM the remainder of both orders on appeal.

## FACTS[2]

### A.     The dissolution judgment.

Prior to his bankruptcy filing, Hunanyan was embroiled in contentious and lengthy dissolution proceedings with his ex-wife Azniv

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underling bankruptcy case and adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Kokikian who died during the case. Her probate estate proceeded with the dissolution, and judgment was entered after trial in August 2020. The judgment required the sale of three parcels of real property the state court determined to be community property. One was located on Gault Street in Van Nuys, California ("Gault Property"). Another was located on East Tenth Street in Long Beach, California ("Long Beach Property"). The third was located on Sherman Way in Van Nuys, California ("Sherman Way Property") (collectively, "Properties"). As to each of the Properties, the state court further held that Hunanyan owed his former spouse rent from January 31, 2006, to the date of sale of each respective property: $2,000 per month for the Gault Property; $2,700 per month for the Long Beach Property; and $2,200 per month for the Sherman Way Property. Hunanyan appealed from the state court judgment.

Pursuant to the dissolution judgment, the Long Beach Property was sold in November 2020 for $550,000. The net proceeds from this sale were $27,526.04. Kokikian's probate estate applied that amount against Hunanyan's rental debt.

**B.     The bankruptcy filing, the compromise between the chapter 7 trustee and the probate estate, and the sale of the Gault Property.**

Hunanyan commenced his bankruptcy case by filing a voluntary chapter 7 petition in January 2021. In his amended schedules, Hunanyan listed the Gault Property as if he wholly owned it, with a value of $550,000. He claimed a $600,000 homestead exemption in that property under Cal.

3

Civ. P. Code § 704.730. He similarly listed the Sherman Way Property as wholly owned, with a value of $450,000. The only other assets of significance he listed were $1,884,557 in appeal rights from the dissolution judgment ("Appeal Rights") and $1,720,700 in claims for community assets and reimbursable community expenses purportedly omitted from the dissolution judgment ("Omitted Assets and Expenses").

In April 2021, the probate estate filed a proof of claim in the amount of $1,066,423.90 for rental income due under the dissolution judgment, plus $71,736.98 in unpaid attorney's fees and sanctions the state court awarded against Hunanyan. The probate estate asserted that the dissolution judgment debt was fully secured. In the alternative, it contended that the debt was entitled to priority under "§ 507(a)(15)."[3]

Hunanyan's chapter 7 trustee moved for authority to enter into a compromise with Kokikian's probate estate. Under the proposed settlement, the trustee would arrange for the sale of the Gault Property, with the net sale proceeds to be split equally between the probate estate and the bankruptcy estate.[4] The trustee agreed to convey the bankruptcy estate's interest in the Sherman Way Property to the probate estate. The

---

[3] There is no such provision in the Code as § 507(a)(15). Presumably, the probate estate was referring to § 523(a)(15), which deals with exceptions to discharge for certain debts arising from family law obligations but has no relevance to priority claims.

[4] This aspect of the compromise was based on the premise that the probate estate's rights under the dissolution judgment were not subject to the $600,000 exemption Hunanyan claimed in the Gault Property.

trustee, however, would retain all postpetition rents received from that property up to the date of the trustee's conveyance.

With respect to the probate estate's $1,066,423.90 proof of claim, the settlement provided for allowance of a general unsecured claim in that amount, subject to reductions equal to: (1) the value of the probate estate's 50% share of the net sale proceeds from the Gault Property; and (2) the value of the probate estate's equity interest in the Sherman Way Property.

Additionally, the proposed settlement provided that the trustee would dismiss with prejudice Hunanyan's appeal from the dissolution judgment.

The United States Trustee ("UST") opposed the settlement. The UST posited that the chapter 7 trustee needed to successfully object to Hunanyan's exemption claim before seeking approval of the compromise. The chapter 7 trustee countered in her reply that any exemption claim simply was not applicable to the state court's judgment determining and distributing community assets.

Hunanyan also opposed the settlement. In addition to raising concerns similar to the UST, he contended that his Appeal Rights were quite valuable and that the proposed settlement grossly undervalued them by treating them as worthless. He also asserted that the dissolution judgment was void or voidable because it violated the state court's COVID protocols restricting the occurrence of trials and other proceedings during the pandemic. He further maintained that the dissolution judgment

5

erroneously failed to address and account for the Omitted Assets and Expenses.

Hunanyan also contended that the settlement was inconsistent with the dischargeable nature of the debt he owed to the probate estate. He argued that the debt was not covered by either § 523(a)(5) or § 523(a)(15), because the probate estate and its personal representatives were neither his spouse, former spouse, nor his children. Because of this, he believed that the personal representatives of the probate estate lacked standing to file a proof of claim or to enter into a settlement with the chapter 7 trustee.

The bankruptcy court overruled the objections and granted the compromise motion. It ruled that the dissolution judgment's requirement that the Properties be sold and net sale proceeds be used to pay rental income due the probate estate meant that these property rights already belonged to the probate estate and that Hunanyan had no interest to exempt. The bankruptcy court therefore concluded that the state court's "division of community property [did] not trigger homestead claims as against each spouse."

As for the trustee's agreement to settle the state court appeal by dismissing it with prejudice, the bankruptcy court found that the record supported the trustee's assessment that she was unlikely to prevail and hence there was no value in pursuing it at the estate's expense.

Finally, the court held that Hunanyan's argument concerning the dischargeability of the judgment debt had no relevance to the compromise

or the administration of assets subject to the parties' settlement. According to the court, the dischargeability issue only would be relevant in an adversary proceeding seeking a determination of dischargeability of Hunanyan's dissolution judgment obligations.

Immediately following entry of the order approving the compromise motion, the trustee moved to sell the Gault Property. This resulted in a flurry of activity from Hunanyan. He moved to convert his chapter 7 case to chapter 11, remove the sitting chapter 7 trustee from his case, reconsider the compromise order, and stay the sale of the Gault Property. The court denied each of Hunanyan's motions and granted the trustee's sale motion over Hunanyan's belated objection. Hunanyan then filed a notice of appeal from the compromise order and the reconsideration order.[5] The Gault Property sale closed in August 2021.

## C. Hunanyan's objection to the probate estate's claim.

Though the trustee had agreed to allow the probate estate's $1,066,423.90 proof of claim as part of the estate's settlement, Hunanyan objected to the claim. He asserted that the underlying state court judgment was invalid because the COVID-related restrictions on the court's operations stripped the state court of jurisdiction to hold trial and dispose of the dissolution proceeding. He also claimed that the probate estate and

---

[5] The district court characterized this appeal as both interlocutory and untimely, and dismissed on that basis. Hunanyan has further appealed the district court's decision to the Ninth Circuit.

its representatives lacked standing to pursue the claim in bankruptcy because the debt was owed only to Kokikian, who had passed away. He further urged that § 502(b)(6)(A) limited the amount of any claim for rent. He additionally maintained that the state court's judgment failed to account for his 50% community interest in the rent, or for his counterclaims for the Omitted Assets and Expenses.

The bankruptcy court overruled Hunanyan's claim objection by order entered August 25, 2021. The court held that the *Rooker-Feldman* doctrine barred his attack on the validity of the state court's dissolution judgment. Though the court did not specifically address Hunanyan's other grounds for objecting to the proof of claim, he did not appeal the order disposing of his claim objection.

**D.    Hunanyan's adversary complaint.**

Prior to the court's ruling on the claim objection, and while the compromise motion was pending, Hunanyan commenced his adversary proceeding against the probate estate's personal representatives. The original complaint contained three claims for relief. In the first one, Hunanyan repeated his claim objection to the probate estate's proof of claim. In the second one, Hunanyan sought to avoid the prepetition sale of the Long Beach Property as a preference and fraudulent transfer. In his third claim for relief, Hunanyan sought avoidance of a lien that his former spouse allegedly placed on the Sherman Way Property before she passed away.

8

Hunanyan filed a first amended complaint, which also stated three claims for relief. The first and third claims were largely the same in both versions of the complaint.[6] However, the first amended complaint contained a completely different second claim for relief. Hunanyan now sought a determination that the dissolution judgment was dischargeable and that the probate estate lacked standing to assert any claim in his bankruptcy.

The personal representatives moved to dismiss Hunanyan's first amended complaint with prejudice. They asserted that he lacked standing to object to the probate estate's proof of claim. They also argued that issue preclusion barred him from seeking to relitigate the same issues already decided in the dissolution action. According to the personal representatives, the state court already found the lien on the Sherman Way Property to be a valid lien, as specified in the dissolution judgment. Even though the motion to dismiss was filed after Hunanyan filed his first amended complaint, the motion to dismiss did not address at all Hunanyan's dischargeability claim for relief.

While the dismissal motion was pending, Hunanyan moved to recuse the presiding bankruptcy judge. The recusal motion was referred to a different bankruptcy judge for consideration. That judge entered an order

---

[6] Though the first amended complaint's general allegations and its prayer for relief still talked about avoidance of the prepetition sale of the Long Beach property, there no longer was a claim for relief in the first amended complaint seeking this relief.

denying the recusal motion as meritless.

Meanwhile, Hunanyan opposed the motion to dismiss. Hunanyan challenged the dismissal motion on procedural grounds, contending that it was not timely or properly filed and served. He further contended that he had standing to object to the probate estate's claim because the estate was not insolvent. He also claimed that the dismissal motion should be denied because the personal representatives addressed the original complaint and not his first amended complaint. Substantively, he argued that the state court could not have possibly decided his dischargeability claim for relief because it lacked jurisdiction to decide issues of nondischargeability and because that issue did not exist until he filed his bankruptcy.

The personal representatives filed a reply in support of their dismissal motion but still did not specifically address the dischargeability claim for relief.

The bankruptcy court granted the motion to dismiss. It rejected Hunanyan's allegations regarding insufficient service as factually unsupported. The court also ruled that the dismissal motion was not invalid as untimely filed. The court noted that Hunanyan never requested entry of default, so the personal representatives remained free to respond to his complaint with a motion to dismiss.

As for the first claim for relief repeating the prior claim objection, the court noted that it already had overruled Hunanyan's standalone claim objection. The court additionally reaffirmed its *Rooker-Feldman* ruling.

Though the dismissal motion did not specifically address the dischargeability claim for relief, the court still addressed and disposed of that claim. The court appears to have accepted that § 523(a)(15) did not render the dissolution judgment entered in favor of the probate estate nondischargeable. But it noted that no one was claiming the debt was excepted from discharge. The court explained that Hunanyan's dischargeability claim was based on the mistaken belief that the dischargeability of the dissolution judgment somehow prevented the probate estate from asserting a claim or sharing in chapter 7 distributions. As the court further explained, the issue of dischargeability only affected whether Hunanyan would still be personally liable after full administration of his chapter 7 case.

Finally, concerning the lien avoidance claim for relief, the court held that it was barred by claim preclusion because it should have been resolved as part of the dissolution proceedings.

On October 13, 2021, the bankruptcy court entered its order dismissing Hunanyan's first amended complaint.[7] Hunanyan timely appealed from the dismissal order and the denial of the motion to recuse.

---

[7] In its written final ruling adopted as of September 29, 2021, the court specified that it intended to grant the motion to dismiss the first amended complaint without leave to amend. Though the court did not reiterate this intent in its subsequent dismissal order, the parties do not dispute that the court fully and finally disposed of the entire adversary proceeding.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B) and (I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1. Did the bankruptcy court abuse its discretion when it denied Hunanyan's recusal motion?

2. Did the bankruptcy court commit reversible error when it dismissed Hunanyan's complaint?

## STANDARDS OF REVIEW

We review for an abuse of discretion the bankruptcy court's denial of Hunanyan's recusal motion. *Hale v. U.S. Tr. (In re Basham)*, 208 B.R. 926, 930 (9th Cir. BAP 1997). The bankruptcy court abused its discretion if it applied an incorrect legal rule or its factual findings were illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

We review de novo the dismissal of Hunanyan's adversary proceeding under Civil Rule 12(b)(6). *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). When we review a matter de novo, we give no deference to the bankruptcy court's decision. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

"We may affirm on any ground fairly supported by the record." *Jimenez v. ARCPE 1, LLP (In re Jimenez)*, 613 B.R. 537, 543 (9th Cir. BAP 2020) (citing *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999)).

## DISCUSSION

Hunanyan challenges the order denying his recusal motion and the dismissal of his adversary proceeding. We address each challenge in turn.

### A. The bankruptcy court did not abuse its discretion in denying recusal.

In challenging the denial of his recusal motion, Hunanyan argues that the court showed bias when it denied his motion to remove the chapter 7 trustee and when it overruled his claim objection. He also alleges, without offering any proof, that the court engaged in ex parte contacts with his adversaries.

#### 1. Applicable standards—recusal.

Hunanyan moved for recusal under 28 U.S.C. § 455(a) and Rule 5004(a). Rule 5004(a) specifies that 28 U.S.C. § 455(a) governs whether a bankruptcy judge should disqualify himself or herself from an adversary proceeding or contested matter. In turn, 28 U.S.C. § 455(a) requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The judge also must recuse herself when she has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(b)(1).

On the other hand, when a judge's impression of the party is formed exclusively from events that transpired in the judicial proceedings in question, those impressions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United*

*States*, 510 U.S. 540, 555 (1994). Similarly, the court's remarks during the proceedings that are critical of the litigants or their cases typically will not support a claim for recusal. *Id.* Moreover, "a judge has [a] strong . . . duty to sit when there is no legitimate reason to recuse . . . ." *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (cleaned up). Only in the rarest of circumstances can the court's "rulings, opinions formed or statements made" in the course of proceedings serve as the basis for disqualification. *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008).[8]

## 2. None of Hunanyan's allegations justified recusal.

Hunanyan first criticizes the presiding judge's decision to assign the recusal motion to a different judge of the same court. He complains that the presiding judge, who was the chief judge of that bankruptcy court, could not be expected to impartially address a motion calling for her own recusal, so neither could a judge serving under the presiding chief judge. In essence, he posits that unless a judge from another bankruptcy court was assigned to hear his recusal motion, there is an appearance of partiality and

---

[8] As *Holland* elaborated:

> We, along with our sister circuits, have identified various matters which will not ordinarily require recusal under § 455: (1) rumor, speculation, beliefs and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law; (3) prior rulings in the proceeding; (4) mere familiarity with the defendant(s) or the type of charge; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations; and (7) threats or other attempts to intimidate the judge.

519 F.3d at 914 n.5 (cleaned up).

bias in denying his recusal motion.

Hunanyan's argument lacks merit. Federal judges ordinarily decide for themselves recusal motions brought before them. *See, e.g., Bernard v. Coyne (In re Bernard)*, 31 F.3d 842, 843 (9th Cir. 1994); *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). Thus, a judge deciding to personally dispose of a motion seeking her recusal is not grounds for a partiality or bias challenge. *See Sibla*, 624 F.2d at 867-68. It follows that a presiding judge's decision to transfer the recusal motion to a different judge of the same court is not a basis for recusal. Some courts or judges routinely opt to assign recusal motions to a judge different than the one sought to be recused. *See Jim Slemons Haw., Inc. v. Cont'l Inv. Co. (In re Jim Slemons Haw., Inc.)*, BAP No. HI-11-1464-JuMkTa, 2013 WL 980115, at *3 n.5 (9th Cir. BAP Mar. 13, 2013), *aff'd*, 584 F. App'x 671 (9th Cir. 2014). Thus, the presiding judge's transfer of the recusal motion to another judge of the same court was not an abuse of discretion.

Hunanyan next claims that the judge formed and expressed an opinion based on an extrajudicial source. According to Hunanyan, the court suggested that he (Hunanyan) knew the Properties should have been sold a long time ago. Hunanyan posited that the only way the judge could have come to that opinion was from an improper ex parte contact with the chapter 7 trustee. Hunanyan offers mere speculation as to the nature and source of the court's comment. Specifically, Hunanyan contends that the judge made the offending comment at the hearing on the motion to sell the

15

Gault Property, but neither of the parties provided the transcript from that hearing. At best, Hunanyan's argument is mere speculation and innuendo that cannot support recusal. *See Holland*, 519 F.3d at 914 n.5. Furthermore, without the transcript we have neither the challenged statement, nor the surrounding context, to review on appeal. The failure to provide us with a sufficient record precludes meaningful review of Hunanyan's argument on this point. *See Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 393–94 (9th Cir. BAP 2004), *aff'd*, 170 F. App'x 457 (9th Cir. 2006).

Hunanyan also claims that some of the judge's rulings against him demonstrated bias requiring recusal. Hunanyan is most critical of the court's handling of the claim objection proceeding. He contends that the court erred when it accepted and considered the probate estate's late-filed opposition to his claim objection, especially without giving him additional time to file a written reply. He further argues that the court prejudged the merits of the claim objection because it issued a tentative ruling before he had any opportunity to respond to the probate estate's opposition. Additionally, Hunanyan complains that he should have prevailed on his motion to remove the chapter 7 trustee given the evidence he presented.

As we noted, only in the rarest of circumstances can the court's rulings and remarks form a basis for recusal. *Holland*, 519 F.3d at 914. Here, Hunanyan merely attempts to show that the court erred in its prior decisions. This is not a showing of bias and is far from the extraordinary circumstances needed to support recusal based on prior rulings. *Id.*

16

Hunanyan's recourse was to appeal those decisions. He did not. Recusal in a subsequent proceeding is not a substitute for appeal.

Accordingly, we reject as baseless Hunanyan's arguments challenging the court's denial of his recusal motion.

**B.** **The bankruptcy court did not commit reversible error when it dismissed Hunanyan's first and third claims for relief, but it erred when it dismissed his second claim for relief.**

**1.** **Applicable legal standards— Civil Rule 12(b)(6).**

Motions to dismiss under Civil Rule 12(b)(6), made applicable in adversary proceedings by Rule 7026, challenge the legal sufficiency of the complaint. They test whether the complaint contains any cognizable legal theories and whether it includes sufficient factual allegations to support those legal theories. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).

When considering dismissal under Civil Rule 12(b)(6), the court's factual investigation generally is limited to the complaint's allegations. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). But the court also may consider items properly subject to judicial notice. *Id.* Judicially noticeable facts include those "not subject to reasonable dispute" because

17

they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). When the complaint's allegations are at odds with matters that are properly the subject of judicial notice, the court need not accept those allegations as true when considering a motion to dismiss. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

### 2. Hunanyan's first and third claims were legally insufficient.

#### a. The first claim for relief sought to relitigate the previously denied claim objection.

Hunanyan's first claim for relief is virtually identical to his standalone claim objection previously denied by the bankruptcy court. Hunanyan did not appeal that denial. The bankruptcy court held that it already had overruled Hunanyan's claim objection in the main case. We agree. Orders on claim objections are final orders and carry preclusive effect. As the Ninth Circuit has stated, "the allowance or disallowance of a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata." *Bevan v. Socal Commc'ns Sites, LLC (In re Bevan)*, 327 F.3d 994, 997 (9th Cir. 2003) (internal quotation marks omitted) (quoting *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 529 (9th Cir. 1998)).

Hunanyan cannot relitigate the bankruptcy court's denial of his claim objection simply by recasting it as a claim for relief in a subsequent

18

adversary proceeding. *See generally Rein v. Providian Fin. Corp.*, 270 F.3d 895, 899 (9th Cir. 2001) (citing *Owens v. Kaiser Found. Health Plan,* 244 F.3d 708, 713 (9th Cir. 2001)); *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984). His recourse was to appeal the claim objection order. He did not. As such, he may not collaterally attack that decision by pursuing a second action seeking the exact same relief. *See Jue v. Liu (In re Liu),* 611 B.R. 864, 881 (9th Cir. BAP 2020) (listing cases); *Heritage Pac. Fin., LLC v. Machuca (In re Machuca),* 483 B.R. 726, 735-36 (9th Cir. BAP 2012).

### b. The third claim for relief was barred by claim preclusion.

The third claim for relief sought to avoid a lien against the Sherman Way Property as an unauthorized conveyance of community property. Kokikian allegedly granted the lien to her son in 2008 to secure a debt in the amount of $130,600. The lien was recorded in 2011 in the Los Angeles County Recorder's Office as Instrument Number 20110840733. In his complaint, Hunanyan alleges that the challenge to this lien was raised in the dissolution proceedings but never decided by the court. This allegation is contradicted by the dissolution judgment, which is attached to the complaint as an exhibit. The dissolution judgment states that "[t]he following Deed of Trust, recordation #20110840733 is declared valid and is to be paid from the net proceeds of the Sherman Way Property."

The bankruptcy court held that claim preclusion applied and justified dismissal of the third claim for relief. We agree. Federal courts must give

full faith and credit to final state court decisions. 28 U.S.C.A. § 1738; *McProud v. Siller (In re CWS Enters., Inc.)*, 870 F.3d 1106, 1119 (9th Cir. 2017) (citing *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995)). Consequently, final state court decisions are entitled to the same preclusive effect in bankruptcy court as they would be given under state law. *Id.*

California gives claim preclusive effect to state court decisions when the "second suit involves: (1) the same cause of action (2) between the same parties or parties in privity with them (3) after a final judgment on the merits in the first suit." *Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016) (quoting *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015)) (cleaned up). Hunanyan does not challenge the first or second claim preclusion elements. Consequently, he has waived any argument he might have raised with respect to those elements. *See Christian Legal Soc'y v. Wu*, 626 F.3d 483, 487–88 (9th Cir. 2010); *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010). Instead, he challenges only the third element—that the dissolution judgment was a final judgment on the merits.

His argument is twofold. First, he claims that the dissolution judgment is void because the state court's COVID protocols prohibited the state court from holding trial. Hunanyan reasons that because the state court held trial in the dissolution proceedings in violation of the COVID protocols, the court lacked jurisdiction to enter the dissolution judgment

20

and hence it is void. Though the probate estate insisted that the trial and dissolution judgment complied with the state court's COVID protocols, the bankruptcy court never addressed this question. Instead, the court invoked the *Rooker-Feldman* doctrine and held that only the state courts could decide the issue.

Even if we were to assume that the state court violated its own COVID protocols, Hunanyan's voidness argument fails. As the California Supreme Court has observed, "[a]n error is jurisdictional only where the clear purpose of the statute is to restrict or limit the power of the court to act and where the effective enforcement of such restrictions requires the use of extraordinary writs of certiorari or prohibition." *In re Marriage of Goddard*, 33 Cal. 4th 49, 57 (2004) (cleaned up). The *Goddard* court further noted that "[o]nce a court has established its power to hear a case, it may make errors with respect to areas of procedure, pleading, evidence, and substantive law[,]"and such errors typically are not jurisdictional. *Id.* at 56.

Nothing suggests that the court's order establishing COVID protocols is jurisdictional in nature. In fact, *Goddard* indicates that the metes and bounds of jurisdictional limits are set by statute. *Id.* at 57. Hunanyan has not pointed to any statute violated but instead relies on the state court's general order entered June 11, 2020, establishing COVID protocols. Thus, Hunanyan has not presented anything to suggest that the resolution of the dissolution proceedings was statutorily or jurisdictionally prohibited.

Moreover, *Goddard* offered a lengthy list of decisions where the

subject error was found to be jurisdictional in nature. But even a cursory review of these cases reveals that the jurisdictional rules implicated therein have little or nothing in common with the state court's self-imposed COVID protocols. *See id.* at 57 n.4.

Accordingly, we reject Hunanyan's argument challenging the bankruptcy court's claim preclusion ruling based on the purported voidness of the dissolution judgment.

The second part of Hunanyan's claim preclusion argument concerns the fact that, at the time he commenced his adversary proceeding, his state court appeal from the dissolution judgment was still pending. As he correctly points out, California courts do not give preclusive effect to a prior judgment when an appeal is pending from that judgment. *See Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 85 Cal. App. 4th 1168, 1174 (2000). However, once a party's appeal rights have been exhausted, California courts permit application of claim preclusion. *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808–09 (9th Cir. 2007) (applying California law).

This is exactly what happened here. Hunanyan has acknowledged in his appeal brief that his state court appeal is no longer pending. *See* Aplt Opn. Br. at 26, 46. He admits that the chapter 7 trustee dismissed his appeal (Second District Court of Appeal Case No. B308493) in furtherance of the compromise between the trustee and the probate estate. *Id.* at 46. Moreover, the California Court of Appeal's docket reflects that this appeal was

dismissed and that the Court of Appeal's remittitur was issued in July 2021—well before the bankruptcy court considered the motion to dismiss the first amended complaint.

On these undisputed procedural facts, Hunanyan's dismissed state court appeal did not render claim preclusion inapplicable. *See Kay*, 504 F.3d at 808–09 ("The issuance of the remittitur indicates that the appellate process, including a potential petition for review to the California Supreme Court has been exhausted—and thus that the decision has become final.").

Therefore, none of Hunanyan's arguments persuade us that the bankruptcy court's dismissal of his third claim for relief should be reversed.[9]

### 3. Dismissal of second claim for relief—claim asserting dischargeability of the dissolution judgment.

Hunanyan's second claim asserted that § 523(a)(15) did not apply to his obligations under the dissolution judgment and that his debts were

---

[9] When considering a Civil Rule 12(b)(6) dismissal motion, the bankruptcy court and this panel are obliged in most instances to address whether leave to amend should have been granted. *Willard v. Lockhart-Johnson (In re Lockhart-Johnson)*, 631 B.R. 38, 48 (9th Cir. BAP 2021). Here, however, Hunanyan never mentioned leave to amend either in the bankruptcy court or on appeal. As a result, we could decline to consider it. *Christian Legal Soc'y*, 626 F.3d at 487–88; *Brownfield*, 612 F.3d at 1149 n.4. In any event, when as here we cannot conceive of any amendment consistent with the plaintiff's existing complaint that would cure the legal insufficiency of his claims for relief, granting leave to amend is not required. *See Walsh v. Diamond (In re Century City Drs. Hosp.)*, BAP No. CC–09–1235–MkJaD, 2010 WL 6452903, at *13 (9th Cir. BAP Oct. 29, 2010) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990)). Under these circumstances, the bankruptcy court did not commit reversible error by not granting leave to amend.

dischargeable. The bankruptcy court did not hold otherwise as it observed that no one was disputing the dischargeability of the dissolution judgment. But Hunanyan also argues that because his obligations under the dissolution judgment are dischargeable, the probate estate could not enforce his ex-wife's claims within his bankruptcy case. He believes that his bankruptcy filing extinguished for all purposes the claims the probate estate held pre-bankruptcy as a result of the dissolution judgment.

To support his position, he relies on the text of § 523(a)(15), which addresses the dischargeability of debts owed to a spouse, former spouse, or child of the debtor not covered by § 523(a)(5). Hunanyan also relies on *Hisaw v. Hisaw (In re Poppleton)*, 382 B.R. 455 (Bankr. D. Idaho 2008). But *Poppleton* merely held that the representatives of the probate estate of the debtor's former spouse lacked standing to bring an exception to discharge claim under § 523(a)(15). *Id.* at 457-59.

We acknowledge that the bankruptcy court was entirely correct when it noted that Hunanyan was confusing the existence of his debt with the dischargeability of that debt. The discharge solely concerns the creditor's right to enforce its debt personally against the debtor after the administration of the bankruptcy case. *See Johnson v. Home State Bank*, 501 U.S. 78, 82–83 (1991). It does not affect creditors' claims against the bankruptcy estate. A claim against the bankruptcy estate can be disallowed only on the grounds set forth in § 502(b). *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 426 (9th Cir. BAP 2005).

Nondischargeability is not such a ground. In short, the dischargeability of a debt under § 523(a) has no bearing on or relevance to the allowance or disallowance of claims against the estate or the chapter 7 distribution process.

Nonetheless, we must reverse the dismissal of Hunanyan's dischargeability claim for relief. Simply put, he stated a legally cognizable claim under § 523(a)(15). He alleged that his obligations under the dissolution judgment were not a debt owed to a "spouse, former spouse, or child of the debtor," so § 523(a)(15) did not render them nondischargeable. Not only must we accept his dischargeability-related allegations as true, but there evidently is no dispute between the parties regarding their veracity and legal effect. Indeed, the bankruptcy court cited *Ashton v. Dollaga (In re Dollaga)*, 260 B.R. 493, 497 (9th Cir. BAP 2001), for the proposition that a creditor who is not a spouse, or a dependent of debtor, does not have standing to bring a nondischargeability action under § 523(a)(15). In short, the court did not rule that the dissolution judgment in favor of the probate estate was nondischargeable under § 523(a)(15).[10]

_____

[10] The parties' discussion of § 523(a)(15) is confusing and largely conflates the nondischargeability of the debt with the disallowance of the claim within the underlying bankruptcy. Focusing on nondischargeability under § 523(a)(15), the cases cited do not involve a debt arising from a dissolution judgment owed to the probate estate as the successor in interest to the debtor's former spouse. *Compare Est. of Perteet v. Jones-Peteet (In re Jones-Peteet),* 630 B.R. 61, 68 (Bankr. S.D. Tex. 2021) ("[T]he statute excepts debts owed to a 'former spouse' and does not distinguish between living and deceased ones.") *with In re Dollaga*, 260 B.R. at 497 (holding that a claim for attorney fees owed by the debtor to his divorce counsel was dischargeable because the debt was not

Under these circumstances, Hunanyan alleged sufficient facts supported by a good faith legal argument that his debt to the probate estate was dischargeable under § 523(a)(15) because the creditor was not a spouse, former spouse, or child of the debtor. Neither the court, nor the personal representatives, adequately explained why Hunanyan's claim was deficient as a matter of law. Nor was the claim procedurally deficient. Though in most cases creditors seek determinations that a debt is not dischargeable, the Rules also specifically permit debtors to seek determinations that a debt is dischargeable. *See* Rule 4007(a); *see also* ECMC v. Coleman (In re Coleman), 560 F.3d 1000, 1011-12 (9th Cir. 2009) (upholding on ripeness grounds debtor's right to prosecute her action seeking a determination that her student loan debt was dischargeable under § 523(a)(8)).

The bankruptcy court stated that a judgment that the probate estate's debt was dischargeable would not accomplish Hunanyan's goal to disallow the claim against his bankruptcy estate. Based on the record and Hunanyan's oral argument, disallowance of the claim is his ultimate goal.

---

owed to a spouse, former spouse or dependent under § 523(a)(15)). Hunanyan relies on the decision in *Poppleton* that the ex-spouse's heirs did not have standing to maintain a nondischargeability action under § 523(a)(15). 382 B.R. at 457-59. *But see Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140-42 (9th Cir. 1998) (focusing on the nature of the debt instead of the identity of the payee); *Bendetti v. Gunness (In re Gunness)*, 505 B.R. 1, 5-6 (9th Cir. BAP 2014) (following *Chang*). We do not need to reach the merits of Hunanyan's nondischargeability claim except to note that the bankruptcy court did not dismiss his claim as a matter of law.

As explained above, we readily agree that the dischargeability of the probate estate's claim will not affect the allowance of the claim in the underlying bankruptcy. But that is not a basis to dismiss a properly stated claim under Civil Rule 12(b)(6). Because Hunanyan stated a legally viable claim for relief under § 523(a)(15), the bankruptcy court committed reversible error when it dismissed Hunanyan's second claim for relief.[11]

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order denying Hunanyan's recusal motion. We also AFFIRM the bankruptcy court's dismissal of his first and third claims for relief without leave to amend. But we REVERSE the court's dismissal of his second claim for relief under § 523(a)(15), and we REMAND for further proceedings.

---

[11] In his appeal brief, Hunanyan weaved together his discussion of dischargeability with his assertion that he had a valid homestead exemption in the Gault Property. But his homestead argument is incomprehensible to us. For purposes of this appeal, it suffices to say that California judgments providing for property distributions in dissolution proceedings do not make the former spouses creditors of each other subject to routine enforcement of judgment concerns like exemption claims. *See In re Marriage of Fithian*, 74 Cal. App. 3d 397, 403 (1977). For this reason, former spouses cannot invoke homestead exemption rights to defeat the state court's distribution of community property in the dissolution judgment. *See Bonner v. Super. Ct.*, 63 Cal. App. 3d 156, 163-164 (1976).